### J. J. AUSTIN V. THE STATE.

#### No. 637. Decided May 26, 1897.

**1. Transfer of Case from District to County Court—Order of Transfer—Jurisdiction.**

Without an order entered to that effect by the District Court, in conformity with article 473, Code of Criminal Procedure, the clerk of said court has no authority to transfer indictments from the District Court to inferior courts; and without the order of transfer by the District Court, the inferior court can acquire no jurisdiction, because the indictment could not be filed therein.

**2. Transcript of Transfer—Bill of Costs.**

A transcript of the transfer of a case from the district to an inferior court should include a bill of the costs that have accrued in the case up to and including the fees for the transcript.

APPEAL from the County Court of Coke. Tried below before Hon. A. J. PRICHARD, County Judge.

Appeal from a conviction for inclosing unleased public domain; penalty, a fine of $100 and three months imprisonment in the county jail.

Appellant pleaded to the jurisdiction of the County Court, because the case had not been legally transferred from the District to the County Court.

No further statement necessary.

*W. S. Billups*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was tried and convicted of inclosing a large tract of land, being a part of the unappropriated public domain, without having leased the same from the State. The indictment was presented in the District Court on March 13, 1893, and said District Court adjourned on the 18th of the same month. The record of the presentment was duly entered upon the minutes of the court. So far as this record discloses, this was the only order made by the District Court in reference to this case. On the 21st day of November, 1893, the clerk of the District Court of Coke County sent to the County Court a transcript of the orders made in the District Court with reference to the indictment herein. He certifies to the correctness of said transcript, and we find the only order entered in said District Court was as stated

above. When the case was called for trial in the County Court, appellant filed a plea to the jurisdiction, because there had been no order entered in the District Court transferring the indictment from that court to the County Court. It was further urged as a plea to the jurisdiction that the itemized bill of costs did not accompany the transcript of the orders, as required by the statute.

By article 473 of the Code of Criminal Procedure of 1895, it is made the duty of the clerk of the district court, without delay, to deliver indictments in cases transferred from said district court to the inferior courts, as directed by the order of transfer made in the district court, and to accompany each case with a certified copy of all the proceedings taken therein in the district court, and also that the bill of costs accruing in the district court shall accompany the same. Without the order of transfer having been entered by the district court, the clerk has no authority to transfer indictments from the district courts to the inferior courts. The law has not vested him with such authority, and, without the order of such transfer by the district court, the inferior court can acquire no jurisdiction, because the indictments could not be filed therein. It is also made the.duty of the clerk to include in the transcript a bill of the costs that have accrued in the case up to and including the fees for the transcript.

Because the transcript made out by the district clerk and filed in the County Court does not contain an order of transfer from the District Court to said County Court, the plea to the jurisdiction should have been sustained. Because it was not done, this judgment is reversed and the case remanded.

*Reversed and remanded.*