## WILL BIRD v. THE STATE.

### No. 3319.    Decided January 24, 1906.

**1.—Local Option—Transfer of Indictment—Jurisdiction—Motion for New Trial.**

Where upon appeal from a conviction of a violation of the local option law, the record by motion for new trial, disclosed that there was no order entered in the district court where the indictment was found, transferring the same to the county court for trial, the latter had no jurisdiction and the case must be reversed. Following: Austin v. State, 38 Texas Crim. Rep., 8.

**2.—Same—Insufficiency of Evidence—Non-Intoxicants.**

Where upon trial for a violation of the local option law, the evidence showed that the prosecuting witnesses went into defendant's place of business and called for two bottles, not stating what they should contain, paying for and then drinking the same, stating that they felt no effect from it and they did not know what it tasted like, and that the bottles looked like beer bottles and they thought it was beer; and defendant's testimony was that he did not sell any beer to these parties and that he did not keep any, but sold them a non-intoxicant which looked like beer, tasted like it, and was put up in beer bottles, the evidence was not sufficient to sustain a conviction.

Appeal from the County Court of Fannin. Tried below before Hon. Tom C. Bradley.

Appeal from a conviction of violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. H. C. Lee* and *James H. Lyday,* for appellant.—On question of non-intoxicant, Mayne v. State, 12 Texas Ct. Rep., 806.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction is for violating the local option law. Motion for new trial was màde upon two grounds; first, that there is no evidence of the fact that the indictment was transferred from the district to the county court, and therefore the jurisdiction of the county court did not attach; and second, the evidence is not sufficient to support the conviction. In regard to the first proposition, the transcript does not show that the order of transfer was made in the district court sending said indictment to the county court for trial. This is necessary. It is not a question of the insufficiency of the order of transfer. The question presented is, that no order of transfer was made. Inasmuch as the county court was not authorized to empanel grand juries or receive indictments, in order to attach jurisdiction of the county court, there must be an. order entered in the district court transferring the indictment to the county court for trial. Austin v. State, 38 Texas Crim. Rep., 8; arts. 471, 472 and 473, Code Crim. Proc.

In regard to the second proposition, that the evidence is not sufficient, the record shows that Eversall and Beasley went into appellant's place of business, and "called for two bottles." Two black pint bottles were set out, and their contents were drank by said Eversall and Beasley, for which they paid appellant 25 cents. The witness Eversall testified that they looked like beer bottles, and in his judgment the contents was beer. He says he never drank any "Frosty" in his life, and did not know how it tasted; said he had dank some beer, but not much; that it did not intoxicate witness in the least, nor did he feel any effect from it; nor would he swear that it was intoxicating, but his belief was that it was beer. They did not call for Frosty or beer, but simply asked defendant "to give us two bottles." Appellant took the witness stand, and testified that he did not sell any beer to these parties; that he never kept beer; that he did sell them two bottles of Frosty; that it was put up in beer bottles, and looked like beer, and tasted like beer, but was different from beer in that it did not intoxicate, and has no intoxicating effect. There was other evidence to the effect that what the witnesses termed Frosty is a non-intoxicant; and that it looks like and tastes very much like beer, and is put up in the same sort of bottles as beer. Under the peculiar facts of this case we believe the evidence is not sufficient to sustain the conviction. It is not shown with sufficient certainty that the liquid sold by appellant was an intoxicant. No witness swears to it; and it is positively shown that it is not beer but Frosty, and the State's witness testifies that the bottle he drank did not have any effect upon him. A case must be made out with sufficient certainty to show a violation of the law.

*Reversed and remanded.*