### JAYCE HYATT v. THE STATE.

#### No. 911.    Decided March 1, 1911.

**Drunkenness—Officer—Transfer of Indictment.**

Where the order of transfer of the indictment from the District to the County Court did not identify the case, the same was insufficient.

Appeal from the County Court of Lubbock. Tried below before the Hon. John R. McGee.

Appeal from a conviction of drunkenness in office; penalty, a fine of $50.

The opinion states the case.

*W. D. Benson* and *N. Frank Faulk* and *W. F. Schenck,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with intoxication or drunkenness as an officer.

When the case was called for trial in the County Court appellant urged all sorts of objections to the jurisdiction of the County Court, among others, alleging that the case had not been properly transferred, and there was nothing in the record to show that this particular case had been transferred or that it had ever been presented in the District Court. An inspection of a purported transfer shows that on June 8, 1910, the grand jury came into court and presented quite a number of indictments, numbering from 180 to 193, inclusive. There is an *order* of the court transferring these numbered cases to the County Court. The place where the defendant's name should occur in each case is left blank; in fact, each one of them reads as follows: "The State of Texas v. —————, File No. 180." This was made to correspond with each number to and inclusive of 193. These cases by number were ordered to be transferred to the County

Court, and the district clerk certifies that they were so transferred, but there is nothing in the certificate to show that appellant's case was included in these numbers or which one of them. When we go to the County Court proceedings we find that the file number there of appellant's case was No. 214. Whether this was intended to be the District or County Court number is not definitely shown. There must be something in the order of transfer to show that the particular case was transferred from the District to the County Court. There is no authority of law for the presentment in the County Court of an indictment. As this record presents itself to this court, there was no order of the District Court for the transfer of this case. Austin v. State, 38 Texas Crim. Rep., 8.

We are of opinion, as the record presents this matter, that the order of transfer is not sufficient to show or identify the case against appellant as being one of those that was transferred from the District to the County Court, and unless it was included in that particular transfer, then there is no order of any kind in the record to show the transfer. We are of opinion the motion should have been sustained.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*