## AUGUST HERENZ v. THE STATE.

### No. 4766. Decided December 19, 1917.

#### Aggravated Assault—Transfer of Indictment.

Where the record on appeal did not show that the grand jury ever presented an indictment against the defendant in the District Court, but the transfer simply showed that the trial judge reached the conclusion that the case was a misdemeanor, and therefore transferred it to the County Court, this was not a sufficient transfer under the law. Following Bird v. State, 49 Texas Crim. Rep., 205, and other cases.

Appeal from the County Court of Lee. Tried below before the Hon. John H. Tate.

Appeal from a conviction of aggravated assault; penalty, a fine of $150 and forty-five days confinement in the county jail.

The opinion states the case.

*Aug. Herenz,* in person.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the County Court of aggravated assault and battery, his punishment being assessed at a fine of $150 and forty-five days imprisonment in the county jail.

A plea to the jurisdiction of the County Court was interposed and overruled. We are of opinion that the exception to the transfer or attempted transfer from the District Court to the County Court is well taken. The transcript of the .order from the District to the County Court shows that there was begun and holden court in and for Lee County which was in session at Giddings on the 23rd of April, 1917; that on the 26th of April, 1917, the grand jury came into court and through their foreman delivered to the judge of the court the following indictment, towit: "The State of Texas v. Lee Givins, File No. 1826," and it was ordered by the court to be filed. On the same day an order was entered as follows: "It appearing to the court from an inspection of the indictment, that this court has not jurisdiction of this case, the same being a misdemeanor, and that the County Court of Lee County, Texas, has jurisdiction of the same, it is ordered that the said case be, and the same is transferred to said County Court of said county." This order was entered in the case styled "The State of Texas v. August Herenz." The follows the bill of costs and certificate of the clerk. These were all the orders entered. There nowhere appears that the grand jury ever presentd an indictmnt against August Herenz in the District Court. It does appear that the court inspected an indictment and reached the conclusion that he did not have jurisdiction because it was a misdemeanor, but the minutes fail to show that such indictment was ever presented in that court. Under the authorities we are of opinion this motion is well taken. See articles 483, 484 and 485, C. C. P., and the authorities collated in Vernon's C. C. P., under said articles. See also Bird v. State, 49 Texas Crim. Rep., 205; Austin v. State, 38 Texas Crim. Rep., 8; Brumley v. State, 11 Texas Crim. App., 114. The exceptions should have been sustained.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*