**Carolyn Kate KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1065–83.**

Court of Criminal Appeals of Texas,
En Banc.

July 3, 1984.

Lawrence B. Mitchell, Richard J. Corbitt, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt and R.K. Weaver, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

We granted the State's petition for discretionary review in order to consider whether the Dallas Court of Appeals was correct in holding Art. 1918c, V.A.C.S. (Supp.1983),[1] entitled "Magistrates in district courts in Dallas County," was unconstitutionally applied under the facts of the instant case. *Kelley v. State,* 669 S.W.2d 329 (Tex.App.—Dallas, 1983).

Because the record does not include a transcription of any court reporter's notes, we must rely solely on the documents included in the transcript for information regarding the transactions in the instant case. The record reflects appellant was initially indicted for the third degree felony offense of theft of property. The Criminal District Court then transferred the cause to the "Magistrate's Court" for further proceedings under a general order entered by the Criminal District Court of Dallas County pursuant to Art. 1918c. Thereafter, various form motions and waivers were

1. Hereinafter referred to as "Art. 1918c."

The proceedings in the instant cause were held on April 2, 1982, subsequent to the enactment of Art. 1918c, Acts 1981, 67th Leg., p. 2546, ch. 678, eff. Aug. 31, 1981, and prior to the enactment of S.B. No. 781, Acts 1983, 68th Leg., ch. 204, p. 883, eff. Aug. 29, 1983, which amended Art. 2.09, V.A.C.C.P., and Art. 4.01, V.A.C.C.P. The validity of S.B. No. 781 and its effect on Art. 1918c are not before us today. Accordingly, only the validity of Art. 1918c prior to the enactment of S.B. No. 781 will be addressed in this opinion.

executed and filed on the same date. These motions included:

(1) A standard plea bargain agreement with notations indicating that the defendant would plead guilty and would testify, that the conviction would be for a misdemeanor and the punishment would be confinement in the Dallas County Jail for 180 days with weekend service; nothing was noted on the form regarding probation. The form was signed by the appellant, her counsel, and the assistant district attorney.

(2) Another standard form within which the assistant district attorney requested that the court reduce the offense to the lesser and included Class A Misdemeanor theft offense; the magistrate granted the motion by affixing his signature in the blank beside the signature of the prosecutor. The second half of the document stated the following:

> "Comes now the Defendant in the above cause, and would show that he now stands charged in the above cause with a Misdemeanor Offense, states that he will enter his plea of GUILTY to said charge at the proper time in open Court, and with his attorney being present, and hereby waives his right to trial by jury and asks the court to proceed to trial herein without a jury and to consent to Defendant's waiver of trial by jury.
>
> "Defendant further prays that the Court accept his plea of GUILTY and proceed to enter Judgment herein as provided by law, and *Defendant requests that the Court place him on probation in this cause.*[2]
>
> "[signatures of appellant and her attorney]
>
> "The foregoing Waiver of trial by jury, made by the Defendant in open court and in the presence of his Attorney, is consented to and approved by the Court. *The application of Defendant for probation is hereby (Granted) (Denied).*
>
> "[signature of magistrate]"

(3) A preprinted "Probation Order" which is signed by the magistrate and which this time denies the motion for probation (see (2) above).

(4) A judicial confession executed by appellant, and approved by the magistrate.

(5) Another waiver of appellant's right to a jury trial (see (2) above), which is signed by all, including the magistrate.

(6) An order by the magistrate permitting appellant to serve the jail confinement on consecutive weekends as per her request.

(7) A docket sheet which included an entry on the date of the trial signed by the magistrate. The entry consisted of numerous alternate findings which apparently had been stamped on prior to the guilty plea and which were modified by handwritten notes. The entry notes all of the pertinent occurrences at the guilty plea, including waivers and the punishment assessed. The entry also notes that the application for probation was denied; several other form sentences which referenced either probation or a fine were left blank.

(8) A judgment signed by the district judge which appears to be a standard, "fill-in-the-blank" form for criminal guilty pleas in Dallas County. No reference is made to the magistrate's role in the taking of this plea. The judgment, however, does properly recite that the offense was reduced to a Class A misdemeanor; that the appellant waived "his" right of trial by jury, pled guilty, and stipulated to the introduction of evidence; and that the court approved of the above, found the appellant guilty, and assessed punishment at 180 days confinement in the Dallas County Jail, to be served on consecutive weekends. The judgment failed, however, to mention the application for probation or the order denying the same. As the Court of Appeals stated, "There is no indication in the judgment that the district court judge ever considered the matter of probation."

■ The district court judge gave appellant permission to appeal pursuant to Art. 44.02, V.A.C.C.P. On appeal, appellant's sole ground of error asserted that Art.

2. All emphasis is added throughout by the author of this opinion unless otherwise indicated.

1918c, was, as a whole, unconstitutional in that it was an attempt by the Legislature to delegate its constitutional authority for the creation of courts to the judiciary of Dallas County in violation of Tex. Const. art. 5, sec. 1. The Court of Appeals found that, contrary to the appellant's claim, Art. 1918c did not create "courts" with independent jurisdiction, but simply authorized a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters.[3]

We agree with the Court of Appeals on this issue.

"Judicial power" as envisioned by the Constitution embraces "(1) The power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to enter a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 645 (1933); quoted with approval in *State Farm Mutual Automobile Ins. Co. v. Worley,* 346 S.W.2d 407, 409 (Tex.Civ.App.—El Paso 1961).

Art. 1918c specifically limits the powers of the magistrates, and prohibits the magistrates from performing those ultimate judicial functions, i.e., presiding over a trial on the merits or ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of the case.[4] Moreover, Art. 1918c, Sec. 7, specifically provides:

> "(a) On the conclusion of the proceedings, the magistrate *shall* transmit to the referring court all papers relating to the cases involved, together with the findings, conclusions, orders, recommendations, or other actions taken.
>
> "(b) The referring court may modify, correct, reject, or reverse any action taken by the magistrate, or recommit it for further information, as the court may deem proper and necessary in the particular circumstances of the case."

No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court. They have no power of their own and are unable to enforce any ruling. Accordingly, it is apparent from the face of the statute that the magistrates act only as the agents of the district court, with proper supervision by the district court. We fail to see how the article on its face is unconstitutional as alleged by the appellant. The Court of Appeals was correct in so holding.

The Court of Appeals went one step further than the appellant requested in his brief, however, and found that the statute was unconstitutionally *applied* to the appellant in the instant case. The court first noted that Art. 42.13, Sec. 3, V.A.C.C.P., provides in pertinent part that:

> "The judges of the courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby ... may place the defendant on probation...."

The court then concluded:

> "that when the Constitution of the State of Texas created district courts and vested jurisdiction of the present case in one of those courts, that Constitution requires that the person occupying the office of judge of that court—and not a surrogate appointed by that judge—make the judicial decisions concerning 'the ends of justice,' and 'the best interests of the public' and 'the best interests ... of the defendant' required by Article 42.13 [Sec.] 3. Accordingly, we hold that under the Constitution of the State of Texas only the judge of the Criminal District Court of Dallas County held the

3. Art. 1918c, in sections 4 and 5, sets out the matters which may be referred to a magistrate and the powers of the magistrate once a criminal case has been so referred. See Appendix.

4. See footnote 3, supra.

judicial power of the State of Texas to make a final decision on whether appellant should be placed on probation pursuant to Article 42.13 [Sec.] 3 and that this judicial power cannot be delegated to a surrogate. By virtue of an impermissible application of Article 1918c appellant has been denied probation solely by a person not then holding the judicial power of the State of Texas to deny probation.[1] Thus we conclude that the 'tribunal' which conducted the hearing on appellant's application for probation and denied with finality that motion was one not constitutionally authorized to so act." *Kelley,* 669 S.W.2d at 332–333.

[1] "We are not unmindful of section 7(c) of article 1918(c) which provides for automatic approval of action taken by magistrates where, upon retransmittal to it, the referring court makes no 'modification, correction, rejection, reversal, or recommittal.' Resort to this provision, however, does not validate for constitutional purposes, a magistrate's ruling on a matter which the record fails to disclose was ever presented to a district judge for a final decision."

We find that the Court of Appeals erred by so holding. The record does not support the Court of Appeals' finding that the magistrate considered and denied a contested probation issue or that the district judge did not approve of the action taken by the magistrate. We interpret the record as showing that the magistrate did nothing more than follow the *negotiated* plea bargain, which agreed to a punishment of 180 days confinement in the county jail to be served on weekends with *no mention of probation.* The plea agreement failed to affirmatively mention probation, by indicating that it was to be granted or denied or considered by the magistrate without reference to the plea agreement.

As we mentioned earlier, no transcription of a court reporter's notes was included on appeal although the appellant could have requested that a court reporter record the proceedings. Art. 1918c, Sec. 5(e). Unlike the Court of Appeals, we surmise that the application for probation, which was one-half of one sentence at the bottom of a page of form waivers, was not actively pursued by the appellant and was in fact not part of the agreed plea bargain. The magistrate's denial of same was simply another form denial, again part of the plea bargain. We construe the record as showing that the magistrate did not consider the application for probation, but simply followed the negotiated plea arrangement.

Additionally, we find the Court of Appeals erroneously applied a presumption of *irregularity* instead of the proper presumption of regularity that appellate courts apply to the proceedings in the trial court. *Schneider v. State,* 594 S.W.2d 415 (Tex.Cr.App.1980). The court acknowledged the existence of Art. 1918c, Sec. 7, which requires transmittal of all findings and orders of the magistrate to the district court judge for approval. The court found, however, that "the record fails to disclose [the ruling on the probation] was ever presented to a district judge for a final decision." *Kelley,* 669 S.W.2d at 332. It would appear that the Court of Appeals is improperly presuming that the district court judge did not consider the denial of the motion for probation, if contrary to our interpretation of the record the motion was ever seriously urged. The record, however, is *silent* as to what was presented to the district court judge. Since Art. 1918c, Sec. 7(c), specifically provides that the actions taken by the magistrate become the decree of the referring court if "no modification, correction, rejection, reversal or recommittal is made" by the court, we must presume, in the face of a silent record, that all of the actions of the magistrate were adopted.[5] We refuse at this time to en-

5. The form motions, orders, and judgment which were used in this case have created confusion. We caution the bench and bar if they are to continue to use these forms, as economy will probably dictate, that they pay attention to what is included therein. We also note that Art. 1918c, Sec. 7, clearly requires that the magistrate transmit all the papers relating to the case to the district judge for action. To avoid confusion in the future, it would be advisable for Dallas County to develop a clear mechanism for doing so and for noting the recommendations and findings of the magistrate along with the referring court's specific adoption or revision of same.

graft into Art. 1918c a per se requirement that an affirmative adoption of the magistrate's actions be included in the record.

In conclusion, we fail to see how Art. 1918c was unconstitutionally applied in the instant case. The record does not support the Court of Appeals' holding to the contrary.

Appellant's sole ground of error is overruled.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

ONION, P.J., not participating.

APPENDIX

Art. 1918c, Secs. 4 and 5, provide:

"Sec. 4. (a) The judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any criminal case for proceedings involving:

(1) negotiated pleas of guilty before the court;

(2) bond forfeitures;

(3) pretrial motions;

(4) postconviction writs of habeas corpus;

(5) conducting examining trials;

(6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

(c) To refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate."

"Sec. 5. (a) Except as provided by Subsections (b) and (c) of this section, a magistrate to whom a case is referred may:

(1) conduct hearings;

(2) hear evidence;

(3) compel the production of relevant evidence;

(4) rule on the admissibility of evidence;

(5) issue summons for the appearance of witnesses;

(6) examine witnesses;

(7) swear witnesses for the hearing;

(8) make findings of fact on the evidence;

(9) formulate conclusions of law;

(10) rule on pretrial motions;

(11) recommend the rulings, orders, or judgment to be made in the case;

(12) regulate all proceedings in a hearing before the magistrates; and

(13) do all acts and take all measures necessary and proper for the efficient performance of the duties required in the order of referral.

(b) The order of referral may limit the powers of the magistrate and direct the magistrate to report only on specific issues, do particular acts, or receive and report on evidence only. The order may set the time and place for the hearing, prescribe a closing date for the hearing, and provide for a date for the filing of the magistrate's findings.

"(c) A magistrate appointed under this Act to whom a case is referred may not enter a ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of a pending criminal prosecution. A magistrate may, however, make findings, conclusions, and recommendations on such issues, within the scope of the order of referral.

(d) An order of referral may designate proceedings for more than one case over which the magistrate shall preside, may direct the magistrate to call the court's docket, and may set forth general powers and limitations of authority of the magistrate applicable to all such cases.

(e) Upon the request of either party to the case to be considered, a court reporter shall be provided by the court to record the proceedings before the magistrate."

Before the court en banc.

OPINION JOINING THE JUDGMENT OF THE COURT ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The proceeding over which Magistrate Howard Wilson presided was held April 2, 1982—long before enactment of S.B. No. 781. See Acts 1983, 68th Leg., ch. 204, p. 883, effective August 29, 1983.

S.B. No. 781 purported to amend the Code of Criminal Procedure in two respects. First, Article 2.09, "WHO ARE MAGISTRATES," was amended to add to its designation of "officers," each of whom is "a magistrate *within the meaning of this Code,*" [1] the following:

> "the magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of criminal district courts of Dallas County ..."

Second, Article 4.01, "WHAT *COURTS* HAVE CRIMINAL *JURISDICTION,*" was amended to insert in the listing of which "*courts* have *jurisdiction* in criminal cases," the following:

> "5. The magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of criminal district courts of Dallas County as set out in Chapter 678, Acts of the 67th Legislature, Regular Session, 1981 (Article 1918c, Vernon's Texas Civil Statutes) ..."

Accordingly, whatever is held today with respect to the constitutionality of Article 1918c, as of April 2, 1982—when it stood alone in providing for "magistrates for district courts of Dallas County in certain criminal cases," see caption to S.B. No. 437, Acts 1981, 67th Leg., ch. 678, p. 2546, effective August 31, 1981—is not conclusive of its constitutionality after August 29, 1983, effective date of S.B. No. 781, supra. Such a caveat must be given to warn that what is said today about Article 1918c is not the last word.

Turning to issues arising out of the instant proceeding, we should first dispose of a threshold matter that is troubling the State. That is, that the Dallas Court of Appeals invalidated a conviction on a theory appellant did not advance on appeal, and thereby "effectively negated" provisions of Article 44.02, V.A.C.C.P., that permit an appeal, says the State, "only as to the issues which the trial judge, in the exercise of his sound discretion, authorizes." Accepting *arguendo* that Article 44.02 requires specification of issues on appeal—though the language does not seem that restrictive [2]—we note the following timely docket entry above the signature of Judge Chapman, *viz:*

> "Attys [named] announced to Ct. that they had been retained by Def. & that they desired to perfect an appeal challenging the constitutionality of the Dallas County Magistrate Act. Although def was convicted under a Plea Bargain Agreement, Ct., in its discretion under Article 44.02, C.C.P., accepts attys' Notice of Appeal & grants its permission to pursue said appeal. Appeal Bond set at $1,000.
>
> Ron Chapman, Judge" [3]

Clearly the trial judge granted permission to appeal in order for appellant and his lawyers to mount a full scale attack against constitutionality of Article 1918c.

Moreover, the Dallas Court of Appeals addressed that broad issue. That appellant did not spell out the theory of unconstitutionality of Article 1918c, as applied, does not inhibit an appellate court in Texas from addressing what it perceives to be an issue of fundamental dimension in the case.

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. In pertinent part Article 44.02 provides in the situation described that "before the defendant ... may prosecute his appeal, he must have permission of the trial court ..." This comes after the broadly stated "right of appeal under the rules hereinafter prescribed," meaning rules in Chapter Fourty four (and elsewhere).

3. I may not have precisely deciphered this hieroglyphic, but I am satisfied that my reproduction captures its substance.

*Carter v. State,* 656 S.W.2d 468 (Tex.Cr. App.1983). Whether the court ruled *correctly* is the question that prompted us to grant the petition for review.

In the court of appeals appellant's brief presented a single ground of error, to wit: "The tribunal which conducted the hearing and entered judgment against appellant in the pending cause was improperly constituted in violation of the Constitution of the State of Texas." Under that expansively stated ground the essence of appellant's contention is that, constitutionally empowered by Article V, § 1, the Legislature alone may establish "such other courts as it may deem necessary" et cetera, but it is not authorized to delegate its own responsibility "to create judges," as appellant argues has been done by Article 1918c. For its part the State says that all the statute does is "authorize a procedure whereby the duly constituted district court judges may dispose of certain matters before them." The Dallas Court of Appeals held that "magistrates appointed pursuant to Article 1918c are neither courts nor judges, but only individuals ... appointed to perform certain duties for instrumentalities of the State of Texas that are, indeed, true courts."

The court did *not,* however, expressly hold that Article 1918c is constitutional.[4] That question is not before us.

Rather it sustained appellant's sole ground of error on the theory that her application for probation had been heard and denied by a tribunal "not constitutionally authorized to so act." That question is before us, but is answered by the majority on its own surmises from the skimpy record before us. I believe there is a better way out.

Though opinions mention "a general order" of referral to the magistrate, only Judge Teague alludes to some of the provisions. The order got into the record by way of a supplemental transcript that an approval of supplemental record (signed by the trial judge) informs us was "deemed necessary on the court's own motion." The approval form is dated October 4, 1982; it was received and filed by the clerk of the Dallas Court of Appeals the following day. Appellant's brief, filed some two months later, and the State's brief filed thereafter, give its content scant attention. For that matter, neither has either appellate court.

The ORDER OF REFERRAL by its own terms became effective October 1, 1981. There is no indication that it has since been modified nor that any more particular order dealing specifically with the instant case was ever entered. In short, it is this general order that delineated power and authority of magistrates "pursuant to Art. 1918c, V.A.C.S."

The order purports to refer "all cases which have been indicted, or have had such indictment duly waived by the defendant ... to the Magistrate's Court of Dallas County ... for the following proceedings:" Listed then are but two singularly prescribed proceedings: (1) Negotiated pleas of guilty before the Court and (2) Agreed probation revocation; the others are general.[5] Patently our concern here is with "negotiated pleas of guilty before the court."

4. In the first main paragraph of its opinion the court quotes the ground of error and then immediately announces the basis on which the ground will be sustained, judgment reversed and the cause remanded. Though the status of magistrates is discussed, nowhere in the opinion is there any finding or holding that Article 1918c is constitutional on its face. Its analysis of the statute and constitutional provisions cited and discussed leads the court to the conclusion that "a magistrate is no more than a surrogate for the district court." All the court did was to examine premises of the contention advanced by appellant; when the premises are found untenable, the contention obviously lacks merit.

5. "Proceeding" (3) is "such other hearings and matters as may be determined by the court ... including, but not limited to, hearings on bond forfeitures," and "Proceeding" (4) is "additional orders of Referral to said Magistrate's Court as to specific causes and directing that said Magistrate's Court report only on specific issues, do particular acts, or receive and report on evidence only." As already indicated in the body of this opinion, none of these latter authorizations is in the record in this cause.

For that "proceeding" the order directs that a magistrate "shall exercise all of the powers enumerated in Art. 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition ... such Magistrate be, and is hereby authorized to:

(a) render a judgment in such plea;
(b) sentence the defendant;
(c) provide for such conditions of probation, including restitution, as may be deemed appropriate by the Magistrate, if applicable;
(d) approve such waivers or documents as might be appropriate; and
(e) sign on behalf of the Court and cause to be delivered to defendant the Condition of probation, if applicable."

While powers enumerated in Article 1918c, § 5(a) are many, their exercise is necessarily limited to those "proceedings" permitted in the general order of referral that are contemplated by § 4(a). With respect to this cause, that is to say, the powers granted by statute may be utilized in this proceeding of a negotiated plea of guilty.

It is immediately apparent that those statutory powers do not include *grant* or *denial* of an application for probation—just a recommendation. Section 5(11). Also patent from the face of the order of referral is that such additional authority it provides a magistrate in conducting a proceeding on a negotiated plea of guilty contemplates a grant *if* part of the plea bargain, but does not include *denial* of an application for probation. The thought behind that delegation of authority in a negotiated plea of guilty proceeding is that a magistrate is not called upon, nor will he be empowered, to settle contested issues raised by an application for probation.

Since Magistrate Howard Wilson lacked jurisdiction, power and authority to deny an application for probation in a negotiated plea of guilty proceeding, it follows that his order purporting to deny appellant's application is null and void, of no force or effect.

Accordingly, I join the judgment of the Court.[6]

TEAGUE, Judge, dissenting.

It has been said many times that innovative experiments involving the judiciary may be admirable, and even understandable, but such experiments must stay within the limitations imposed by the law.

Art. 5, Sec. 1, of the Texas Constitution, provides in part: "The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioner Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law ..." "Magistrate's Courts" are not listed.

The 67th Legislature, acting pursuant to Art. 5, Section 1, supra, enacted Art. 1918c, V.A.C.C., effective August 31, 1981, which authorized the creation of "Magistrates in Dallas County."

Thereafter, effective August 29, 1983, the Legislature mandated that "the magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County" are now statutory "magistrates." See Art. 2.09, V.A.C.C.P. Persons who are now acting as magistrates in Dallas County pursuant to Art. 1918c, supra, are empowered, among other things, "to issue all process intended to aid in preventing and suppressing crime," see Art. 2.10, V.A.C.C.P. This includes issuing search warrants, see Art. 18.01, V.A.C.C.P. Also see Chapter Six of the Code of Criminal Procedure.

Art. 4.01, V.A.C.C.P., has the following entitled caption: "What Courts Have Criminal Jurisdiction." Under the statement, "The following courts have jurisdiction in criminal actions:," the following is set out: "5. The magistrates appointed by the

6. The court affirms the judgment of the trial court which makes no mention of probation, but if in fact appellant made a genuine application for probation, the presumption is that the judge of the trial court denied it. That denial need not be recounted in the judgment. See Article 42.01, V.A.C.C.P.

judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County as set out in Chapter 678, Acts of the 67th Legislature, Regular Session, 1981 (Article 1918c, Vernon's Texas Civil Statutes)."

Although it may be argued that Art. 1918c, supra, is unconstitutional, it is not necessary to decide that question today.

Art. 1918c states that the magistrates provided by the act are to be appointed by the judges of the criminal district courts of Dallas County, subject to the consent and approval of the Commissioners Court of Dallas County. The magistrates serve at the will of the judges, not at the will of the people, and their services may be terminated at any time, "by majority vote of all the judges for whom the magistrate serves." The only requirements to be a magistrate are the person appointed must be a resident of Texas and licensed to practice law in Texas for at least four years. The magistrate's salary is determined by the Commissioners Court of Dallas County. Excepting a "trial on the merits, either with or without a jury," and the prohibition that he "may not enter a ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of a pending criminal prosecution," the magistrate is permitted to act in virtually the same capacity as a district judge. He may handle proceedings involving negotiated pleas of guilty; bond forfeitures; pretrial motions; postconviction writs of habeas corpus; examining trials; and "any other matters" that "his" judge deems necessary and proper. He is even given the power of contempt.

Under the statute, the magistrate obtains a case upon specific order of referral from "his" judge. The order must specify the duties the magistrate will perform in that case. After the magistrate has acted, he shall transmit to "his" judge all papers relating to the case, together with any findings, conclusions, orders, recommendations, or other actions taken. The magistrate's judge "may modify, correct, reject, or reverse any action taken by the magistrate, or recommit it for further information, as the judge may deem proper and necessary in the particular circumstances of the case." If no action is taken by the magistrate's judge, then the magistrate's actions "become the decree of the court." At the conclusion of each term, the magistrate's judge shall enter a decree adopting whatever actions the magistrate took on his behalf during that term.

The record of this cause reflects that an indictment was returned to Criminal District Court Number 4 of Dallas County, but was thereafter transferred by Hon. John Mead, the duly elected judge of that court, to the Criminal District Court of Dallas County, which case was received by Hon. Ron Chapman, the duly elected judge of that court.

On October 1, 1981, Judge Chapman entered a general order, wherein he "ORDERED that *all* cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court *are hereby referred to the Magistrate's Court of Dallas County, Texas* pursuant to Art. 1918c V.A.C.S., for the following proceedings: (thereafter are enumerated in general what is contained in Art. 1918c, supra.) [Emphasis Added]. However, in his general "Order of Referral," Judge Chapman expressly authorized "the Magistrate's Court" to do the following, which are not authorized by the statute: "(a) render a judgment in such plea; (b) sentence the defendant."

I pause to re-emphasize that no such thing as a "Magistrate's Court of Dallas County, Texas" was created by the provisions of Art. 1918c, supra. The statute merely created the position of magistrate. One or more persons may be appointed by all of the criminal district judges to be magistrates. The judges may authorize one or more of the magistrates to share service with two or more courts. But, there is no such thing as a "Magistrate's Court." Thus, the magistrates act on an individual case basis per assignment from all of the criminal district judges.

In this instance, Hon. Howard Wilson acted as the magistrate in this cause. However, there is nothing in the record reflecting Wilson's appointment as a magistrate by all of the criminal district judges of Dallas County, nor is there any assignment by Judge Chapman designating Wilson to act as a magistrate in this cause.

Because of what it states, I find the following most interesting:

CAPTION

THE STATE OF TEXAS
COUNTY OF DALLAS
  At a regular term of the  Criminal District Court  begun and holden within and for the County of Dallas, and State of Texas, before the Honorable  Magistrate Howard Wilson , Judge thereof presiding, which term began on the  4th  day of  January , A.D.  1982 , and which term adjourned on the  2nd  day of  April , A.D.  1982 , the following cause came on for hearing, to-wit:

THE STATE OF TEXAS          NO.  F–81–31243–KH
VS.
 CAROLYN KATE KELLEY     Theft of Property of the Value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.

           /s/Magistrate Howard Wilson
         Sitting for Judge Ron Chapman
           Dallas County, Texas
           Criminal District Court

---

Because there is not anything in this record which would reflect that Wilson was appointed to be a magistrate by all of the criminal district court judges of Dallas County, and because there is nothing in this record which would reflect that Judge Chapman specifically assigned this cause to Wilson, I would hold that everything Wilson did in this cause was void, and of no effect. In all due respect to Wilson, but based upon this record, Wilson might just as well have been an individual who walked in off one of the streets of Dallas into Judge Chapman's courtroom and was thereafter appointed by Judge Chapman to be a magistrate for his court.

Although I recognize that we are not dealing with a transfer of a cause from a district court to an inferior court, see Art. 21.26, V.A.C.C.P., nevertheless, should less in the way of record documentary proof be expected than is required by Art. 21.26, supra, where, as the majority opinion states, this cause was "transferred" to the "Magistrate's Court"? Because the proper documentation is not in the record, I would hold that Wilson was not authorized to act in this cause. Compare *Austin v. State*, 40 S.W. 724 (Tex.Cr.App.1897). In short, it has not been shown to my satisfaction that Wilson had "jurisdiction" to hear appellant's cause.

Furthermore, Judge Chapman's general "Order of Referral," as applied to this cause, is a void order because nowhere therein is there any reference to this cause, by either style or number, nor is it stated in the order to which magistrate this cause was going to be referred to.

I find that the "Order of Referral" did not bestow "jurisdiction" upon a magistrate pursuant to Art. 1918c, supra. Therefore, it was unnecessary for the Court of Appeals to discuss or determine the actions of Wilson, or for this Court to discuss the decision of the Court of Appeals.

For all of the above reasons, I respectfully dissent to the majority's needlessly writing on subjects that are not properly before this Court, as well as affirming this conviction.