**MODIFY and AFFIRM; and Opinion Filed August 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00379-CR

### PEDRO RANGEL JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1231321-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Appellant Pedro Rangel Jr. waived a jury and pleaded no contest to aggravated assault with a deadly weapon. The trial court found appellant guilty and assessed his punishment at fifteen years' imprisonment. Appellant raises three issues on appeal, arguing (1) the trial court signed an order restoring appellant's competency to stand trial without any evidence his competency had been restored, (2) the trial court violated appellant's due process rights by resuming criminal proceedings before making a judicial determination of his restored competency, and (3) the trial court's judgment does not reflect appellant's correct plea to the offense charged in the indictment. We modify the judgment to reflect appellant's correct plea, and we affirm the judgment as modified.

## Background

Simon Rodriguez, the complaining witness in this case, testified that appellant lived in the same apartment complex he did, but the two men knew each other only by sight. On the day of the assault, Rodriguez was watching a football game in his apartment with his young son and a group of friends. Appellant entered Rodriguez's apartment uninvited, and Rodriguez had to push him out. Appellant returned, and when Rodriguez opened his apartment door, appellant stabbed him in the arm and chest. An ambulance took Rodriguez to the hospital, and police officers arrived at the complex. Appellant retreated to his own apartment and eventually set the balcony on fire and leapt headfirst to the ground. Evidence established appellant had been drinking alcohol that day and that he had not taken his medication for a diagnosed mental health disorder for a number of days.

Appellant was charged with aggravated assault with a deadly weapon. The trial court ordered Dr. Michael Pittman to examine appellant to determine if appellant was competent to stand trial. Dr. Pittman concluded appellant was not competent to stand trial, but he expressed his belief that appellant "will regain competency in the foreseeable future." On March 30, 2013, the trial court held a competency hearing. The judge agreed with Pittman that appellant was incompetent to stand trial, but the judge also stated his belief that, with treatment, appellant "will regain or recover his competency in the near or foreseeable future." The court ordered appellant committed to North Texas State Hospital's Vernon campus (the State Hospital), for a period of 120 days "toward the specific objective of attaining competency to stand trial." At the end of the 120 days, the trial court issued a bench warrant for appellant's return, and appellant remained in jail while his case was being resolved.

On October 28, 2013, the trial court ordered a second examination of appellant, this time by Dr. Lisa Clayton. Although the judge employed a similar form to the one he had used to

order the Pittman examination, the Clayton order included handwritten notes saying "comp eval — Insanity eval." Clayton's report focused on the latter instruction, analyzing appellant's status at the time of the assault and concluding that, because he was intoxicated at the time, he did not meet the legal criteria for being insane at the time of the offense. In listing the materials she reviewed for her examination, Clayton identified appellant's State Hospital discharge summary. While she did not specifically address the issue of competency, she stated appellant's Schizoaffective Disorder was in remission due to his psychiatric medication, and she remarked that he had been "stable on his medication." Under the heading of "Mental Status Examination," Clayton described appellant's appearance and demeanor and then offered the following opinions:

> Mr. Pedro Rangel had concrete, simplistic but goal directed thought processes. There was no evidence of any delusions. Mr. Rangel denied any auditory or visual hallucinations. He also denied any suicidal or homicidal ideation. Mr. Rangel had below average intelligence. His memory, concentration and attention span were appropriate for his I.Q. level. He had some insight into his mental illness. His judgement is currently intact.

The record indicates that the parties were participating in plea discussions from the time appellant returned to jail. A plea agreement was reached, and its elements were reduced to writing on February 7, 2014. That same day the parties appeared before the trial court, and the court admonished appellant. Pursuant to the plea agreement, appellant pleaded no contest and agreed to be sentenced by the trial court. The State offered appellant's judicial confession, and it was admitted in evidence. The trial court then recessed the proceedings and set a date for sentencing.

The sentencing hearing was held on March 13, 2014. Along with testimony from the complaining witness, which is summarized above, the trial court heard testimony from appellant. He testified he did not remember any of the events around the assault, including setting fire to his balcony or jumping from it. He explained he had been diagnosed with his mental disorder as a teenager, but that with his medication he had been married for twenty years and successfully held

a job. He also acknowledged his alcohol problem. However, he testified he was currently taking his medications faithfully and he was sorry for the harm he had caused Rodriguez. In the end, the trial court found appellant guilty, sentenced him to fifteen years in prison, and signed the judgment in this case.

On the same day, the judge signed the Judgment Restoring Competency Based on Report (Judgment Restoring Competency). That document refers to the report from the head of the State Hospital, which notified the trial court that appellant was competent to stand trial. The Judgment Restoring Competency recited that there was no objection to the report and that it appeared to the court that appellant was presently competent. The Judgment Restoring Competency then decreed that appellant was competent to stand trial and that the criminal proceedings against him were to be resumed. This appeal followed.

## Restoring Competency to Stand Trial

A person is incompetent to stand trial if he lacks either sufficient present ability to consult with his attorney "with a reasonable degree of rational understanding" or a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West Supp. 2014). When a defendant has been found incompetent to stand trial, he may be committed to a state hospital for treatment. *Id*. arts. 46B.071, 46B.073. If the defendant attains competency to stand trial while at the state hospital, the head of the facility must notify the committing court. *Id.* art. 46B.079(b)(1). When giving notice, the head of the facility must file a report with the court stating the reason for the defendant's discharge; the court, in turn, must provide copies of the report to the attorneys for the defendant and the State. *Id.* art. 46B.079(c). Either party may object to the findings of the report within fifteen days of the court's receiving notification of the defendant's competency. *Id.* If a party objects to the report, the court must set the competency issue for a hearing. *Id.* art. 46B.084(b).

–4–

Whether a hearing is required or not, the trial court must make a judicial determination of the defendant's competency to stand trial. *Id.* art. 46B.084(a). The court may make the determination based on the hospital report and on other medical information or personal history information relating to the defendant. *Id.* The determination may be evidenced by a recitation in a judgment, an order, a docket sheet entry, or any "other evidence that the court ever made a determination of competency after the appellant's return from the State hospital." *Schaffer v. State,* 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g).

We review issues involving competency determinations for an abuse of discretion. *Montoya v. State,* 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds, as stated in Turner v. State,* 422 S.W.3d 676, 692 n.3 (Tex. Crim. App. 2013). We may not substitute our judgment for that of the trial court; instead we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426.

## Challenges to Competency Restoration

In his first issue, appellant argues the trial court made its determination of his restored competency without any evidence to support that determination. He acknowledges the Judgment Restoring Competency recites that the trial judge made his determination based upon the report of the head of the State Hospital where appellant was confined. But, appellant points out, that report is not part of the record. Appellant also notes the trial court made no remarks during either of the 2014 hearings concerning restoration of appellant's competency. He contends this absence of remarks "reflects the absence of proof" that appellant's competency had been restored at that point in time. We disagree.

The Judgment Restoring Competency states:

The Defendant having previously been found to be mentally incompetent to stand trial and having been committed for treatment pursuant to Article 46.02 or Chapter 468 of the Code of Criminal Procedure; and the head of the facility having notified the Court that the Defendant is now competent to stand trial; came

–5–

> on for consideration before this Court the issue of the [D]efendant's competency to stand trial. There being no objection to the report filed by the State Hospital, and it appearing to the Court that the [D]efendant is presently competent;
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is now competent to stand trial and that the criminal proceedings against said [D]efendant be resumed in the above-numbered and styled cause.

We understand these recitals to say the trial court based its determination of appellant's competency on the State Hospital report and the court's own observations of appellant.

We apply a presumption of regularity to proceedings in the trial court. *Kelley v. State*, 676 S.W.2d 104, 108 (Tex. Crim. App. 1984). In this case, we presume the head of the State Hospital made the report required by statute and transmitted the report to the trial court. We likewise presume the trial judge distributed the report to the parties as he was required by statute to do and that parties were given the opportunity to object to the report. The burden is on appellant to overcome these presumptions of regularity. *Wright v. State*, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd). But appellant has not identified any evidence to the contrary. Instead, he relies on the absence of a report in the record and the absence of a record of its distribution. A silent record, however, will not overcome the presumption of regularity in trial court proceedings. *See Kelley*, 676 S.W.2d at 108.

Appellant argues the Clayton report (which *is* in the record) does not address his competency. We agree, and we do not rely upon it as a basis for the trial court's determination of competency. We agree with appellant that the Clayton report addresses his mental disposition at the time of the assault and not his competency to stand trial. That said, we note that Dr. Clayton does state she reviewed the State Hospital's discharge summary. We note further that Dr. Clayton's discussion of appellant's then-current mental status—which ends with the conclusion that appellant's "judgment is currently intact"—does not refute the trial court's determination that appellant was competent to enter his plea.

–6–

Recitations in a formal judgment are binding in the absence of direct proof of their falsity. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The record before us contains no such proof that the trial court's recitations are false. Accordingly, we are bound by the trial court's recitations that its determination of competency was based upon (a) the report from the head of the State Hospital finding appellant competent, and (b) the court's own observations that appellant appeared "presently competent." *See id.* We conclude the trial court did not abuse its discretion. Instead, the court made its determination of appellant's restored competency based on sufficient and appropriate evidence of that fact.

We overrule appellant's first issue.

In his second issue, appellant contends his due process rights were violated because the trial court resumed his plea proceedings before making the judicial determination that his competency to stand trial had been restored. Appellant points to the trial court's Judgment Restoring Competency, which is dated March 13, 2014, the same date as the sentencing hearing and the court's final judgment. Appellant argues that the present-tense language of the Judgment Restoring Competency—which ordered "that the Defendant is now competent to stand trial and that the criminal proceedings against said [D]efendant be resumed"—indicates the trial court did not make its determination of competency until after appellant made his plea.

The prosecution and conviction of a defendant while he is legally incompetent violates due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). Accordingly, when a defendant has been found incompetent to stand trial, the statute requires the trial court to make a judicial determination of competency prior to resuming criminal proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(d) ("If the defendant is found competent to stand trial, criminal proceedings against the defendant may be resumed."). But the documentation of a judicial determination of competency can be made after the proceedings have been completed. *See, e.g.,*

*Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (abating appeal for trial court to make retrospective judicial determination of competency); *see also Bell v. State*, 814 S.W.2d 229, 233 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (competency finding recited in judgments entered after conviction); *Booker v. State*, No. 05-06-01184-CR, 2007 WL 3227544, at *2 (Tex. App. Nov. 2, 2007) (competency finding recited in docket sheet entry after trial).

We discern no abuse of discretion in the timing of the trial court's judicial determination of appellant's restored competency. We overrule his second issue.

In his third issue, appellant asks this Court to correct the trial court's judgment. At the February 7, 2014 hearing, appellant entered a plea of no contest to the indictment, and the trial court accepted his plea. Appellant's written plea agreement confirms that he agreed to plead nolo contendere, i.e., no contest. The trial court's judgment, however, states that appellant pleaded guilty to the charged offense. Because the necessary information is available in the record, we modify the trial court's judgment to show that appellant pleaded no contest to the indictment's charged offense. *See Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We sustain appellant's third issue and modify the trial court's judgment to reflect appellant's correct plea of no contest to the indictment.

As modified, we affirm the trial court's judgment.

/Ada Brown/
_____
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140379F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PEDRO RANGEL JR, Appellant

No. 05-14-00379-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1231321-Y.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect appellant pleaded "no contest" to the allegations in the indictment.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of August, 2015.