**Reversed and Remanded and Opinion Filed February 2, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01151-CR

## EX PARTE DAVID DOWE

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. WX16-90018-J**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Schenck
Opinion by Justice Bridges

David Dowe appeals the trial court's order denying him the relief sought by his application for writ of habeas corpus seeking to release him from an extradition order. The question presented in this appeal is whether a magistrate judge's rejection, alone, of an application for writ of habeas corpus, is insufficient to support the writ's denial. We conclude it is not. Accordingly, we reverse the trial court's order denying habeas corpus relief and remand the case for further proceedings.

BACKGROUND

Appellant was arrested on August 22, 2016 pursuant to an extradition warrant issued by the State of Ohio. Appellant had been indicted for the offenses of rape and kidnapping in Ohio. Appellant filed an application for writ of habeas corpus on September 7, 2016, asserting he had not been adjudged guilty of any crime in Ohio and that his identify had not been affirmatively

linked to the person sought by law enforcement in Ohio. Appellant waived having his case heard before the district court judge and requested referral to a magistrate judge. The district court judge signed the order of referral. After hearing arguments from the parties, the magistrate judge denied the writ of habeas corpus and filed written "findings and recommendations." The magistrate judge signed the findings and recommendations, and also signed the "order adopting magistrate's findings and recommendations."

DISCUSSION

In a single issue, appellant contends the case should be remanded to the district court for further proceedings because a magistrate judge's actions are not legally binding until they are adopted by the referring court. Because the magistrate judge signed the adoption order and not the district judge, there is insufficient evidence to support the denial of the writ of habeas corpus.

The State responds that the record shows the trial court implicitly adopted the magistrate's findings and recommendations. The State asserts that appellant has failed to affirmatively show the district judge did not review the record of the proceeding prior to the magistrate denying appellant writ of habeas corpus. Alternatively, the State argues the case should be remanded to the trial court for clarification as to whether the trial court adopted the magistrate's findings and recommendations.

There is a presumption of regularity that appellate courts apply to the proceedings in the trial court. *Ex parte Stacey*, 709 S.W.2d 185, 189 (Tex. Crim. App. 1986). A magistrate judge acts as an agent of the district court, and his actions are not legally binding unless and until they are adopted by the referring court. *Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). When the record is silent as to what was presented to the district court judge, we presume that all of the actions of the magistrate were adopted. *Id*. at 108–09.

Here, the record is not silent.  The reporter's record of the hearing on appellant's application for writ of habeas corpus shows the magistrate heard argument from both parties and denied the application.  After the magistrate judge issued written findings and recommendations, there is nothing in the record that shows the district judge reviewed and/or adopted the magistrate's findings.  To the contrary, the record shows the magistrate judge reviewed and adopted the findings.  Accordingly, we sustain appellant's sole issue.

We reverse the trial court's order denying the application for writ of habeas corpus and remand the case for further proceedings to determine whether the district judge adopted the magistrate's findings and recommendations.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
161151F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE DAVID DOWE

No. 05-16-01151-CR

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. WX16-90018-J.
Opinion delivered by Justice Bridges.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **REVERSED** and the case is **REMANDED** to the trial court for further proceedings.

Judgment entered February 2, 2017.