

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,538-01

### In re STATE OF TEXAS ex. rel. RANDALL SIMS, Relator

---

**ON MOTION FOR LEAVE TO FILE
A PETITION FOR WRIT OF MANDAMUS
IN CAUSE NO. 39532-D
IN THE 320TH JUDICIAL DISTRICT COURT
POTTER COUNTY**

---

**Newell, J. filed a dissenting opinion.**

I wrote a concurring statement to a show cause order in *In re State ex rel. Risinger*.[1]  The Court issued the show cause order in that case because the attorneys representing Raphael Deon Holiday filed an untimely motion to withdraw the warrant of execution in their client's death penalty case.[2]  In my concurring statement, I expressed my view

---

[1] 479 S.W.3d 250, 255 (Tex. Crim. App. 2015) (Newell, J. concurring).

[2] *Id*.

that the State would have been entitled to mandamus relief if the decision were based solely upon the issue of a trial court's failure to comply with the requirements of Article 43.141 of the Code of Criminal Procedure.[3]

However, I also explained why I had ultimately voted to deny mandamus relief in the underlying case. It is at least unsettled whether trial courts have inherent authority that is independent of statutes and which allows trial courts to modify or rescind their own orders.[4] Under the Texas Constitution, district courts are invested with inherent authority to execute their own judgments.[5] And, in addition to express grants of power conferred by constitution, statute, or common law, courts have inherent and implied powers that provide a much broader foundation upon which to act.[6]

I believe that reasoning applies equally in this case even though the Court is considering the application of a different statute related to the setting of an execution date. I vote to deny mandamus relief and I

---

[3] *Id.* at 260.

[4] *Id.* at 262.

[5] *See Kelly v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984).

[6] *See State v. Patrick*, 86 S.W.3d 592, 601 (Tex. Crim. App. 2002) (Cochran, J., dissenting); *see also* Tex. Gov't. Code § 21.001(a) (setting out that a court has "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including the authority to issue the writs and orders necessary or proper in aid of its jurisdiction.").

respectfully dissent.

Filed: February 8, 2023

Do Not Publish