

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00244-CV

_____

IN RE ZACHARY DANIEL LEE, Relator

Original Proceeding
372nd District Court of Tarrant County, Texas
Trial Court Nos. 1317192D and 1364677D

Before Birdwell, J.; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

The court has considered relator's petition for writ of mandamus and is of the opinion that the petition should be dismissed for want of jurisdiction because we lack original-proceedings jurisdiction over a magistrate judge.[1] *See* Tex. Gov't Code Ann. § 22.221(b)(1)–(3); *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984) (explaining that magistrates act as surrogates appointed to assist the district court judges in certain limited matters); *see also In re Rubalcava*, No. 08-23-00141-CR, 2023 WL 3437830, at *1 (Tex. App.—El Paso May 12, 2023, orig. proceeding) (mem. op., not designated for publication) (dismissing mandamus petition challenging magistrate's purported order for want of jurisdiction). Relator must seek relief against a proper party under Section 22.221. *See Rubalcava*, 2023 WL 3437830, at *1.

We dismiss relator's petition for writ of mandamus for want of jurisdiction.

Per Curiam

Delivered: July 31, 2023

---

[1]It is exceedingly unclear from this record whether the Honorable Julie Lugo, presiding judge of the 372nd District Court of Tarrant County, on whose behalf the magistrate has been acting, is aware of the magistrate's actions in rescheduling, cancelling, and refusing to rule on relator's habeas petition. *See Kelley*, 676 S.W.2d at 107 ("No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court."); *see also* Tex. Gov't Code Ann. § 54.662(a)–(b) (stating that a referring court in Tarrant County may modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate and that if the court does not modify, correct, reject, reverse, or recommit that action, then it becomes the court's decree). Relator has pointed out that the magistrate signed an order denying habeas relief in cause number 1317192D and signed an order setting a hearing in cause number 1364677D but then sent out an order scheduling a hearing in 1317192D before cancelling that hearing without explanation or resetting.