**Loisel Vega MADRID, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–87–00290–CR.**

Court of Appeals of Texas,
El Paso.

April 27, 1988.

Douglas R. Eikermann, El Paso County Public Defender's Office, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso County, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a conviction for burglary of a vehicle founded upon a plea of guilty before the El Paso County Criminal Law Magistrate, presiding for the judge of the 120th Judicial District Court, in which the indicted case was pending. The magistrate sentenced Appellant to seven years' imprisonment in the Texas Department of Corrections. We affirm.

■ Appellant presents six points of error variously challenging the constitutionality of the El Paso Criminal Law Magistrate's Court, created by Tex.Rev.Civ.Stat. Ann. art. 1918g (Vernon Supp. 1988). In Point of Error No. One, Appellant contends that the act violates Article V, sec. 30 of the Texas Constitution, which mandates the election of judges for courts of county-wide jurisdiction. The El Paso Criminal Law Magistrate is appointed by a two-thirds vote of the members of the El Paso County Council of Judges, consisting of all district and county court-at-law judges in El Paso County. Section 2(b) of the El Paso Criminal Law Magistrate's Act excepts from the jurisdiction of the magistrate court, that portion of El Paso County consisting of the corporate limits of Vinton, Texas. Appellant contends that the territorial exception is solely intended to avoid conflict with Article V, sec. 30 of the constitution and that such device is a "sham." While conceding the first proposition, we do not find that every effort of creative legislation which overtly molds itself to the exact parameters of constitutional dictates is a sham. The hypothetical extension offered by both the Appellant and State are well taken. If the act excepted by metes and bounds description a square foot of vacant desert, the "sham" label would be proper. As pointed out by the State, however, a similar exception applied to the Dallas/Dallas County territorial configuration could hardly be construed as a "sham." We are not persuaded by the parties to indulge in the possibility of judicial notice of the relative size, population, or crime rate in the excepted portion of the county. Whether the City of Vinton is a "speck" or comprises 650 to 700 inhabitants can provide no proper answers to the issue. To pursue such arguments would lead to endless, case-by-case statistical determination of how few people or how few crimes would constitute a "sham" exception. Suffice it to say that Vinton is a legally cognizable inhabited municipal entity within El Paso County. Its exception from the territorial jurisdiction of the magistrate's court means the court has less than county-wide jurisdiction. Hence, Article V, sec. 30 is inapplicable. Point of Error No. One is overruled.

■ Point of Error No. Two contends that the act also violates the election requirement expressed in Article V, sec. 7 of the Texas Constitution. Appellant's argument turns upon the validity of his characterization of the magistrate's court as having powers coextensive with the district courts and, therefore, constituting a *de facto* district court. In reviewing the details of the act, we find that the magistrate's powers are not coextensive with those of a district judge. The magistrate cannot hear trials upon a plea of not guilty. He may not convene a jury upon any form of plea. He may not preside over any segment of a capital case after indictment. Article 1918g, sec. 3(e). He may not issue writs of habeas corpus, although he may hear and grant relief on writs issued by the referring district court. Article 1918g, sec. 3(f). Essentially, all other district court functions may be carried out by the magistrate, to include sentencing in guilty pleas with-

out a jury. Article 1918g, sec. 3(d). However, even in these other functions, the magistrate may only act upon assignment by a district judge. No causes may be initially filed with the magistrate. Article 1918g, sec. 3(g). When he acts in a given case, he acts as a presiding judge of the referring court. The referring court retains jurisdiction of the case. The scope of the assignment may be limited by the blanket order of the referring court or by the terms of a case-specific assignment order. Article 1918g, secs. 3(i), 7, 8 and 9. With regard to first-degree felonies, assignment to the magistrate's court or to a particular magistrate may be precluded by pretrial objection by the State or the defense. Article 1918g, sec. 13.

These limitations establish a significant difference between the power of the magistrate's court and that of the district courts. By no stretch of the imagination can this be construed as creating a *de facto* district court to be presided over by an elected judge. Article V, sec. 7 of the constitution is inapplicable. Point of Error No. Two is overruled.

■ Point of Error No. Three asserts that the act encroaches upon the jurisdiction of the district courts in contravention of Article V, sec. 8 of the Texas Constitution. Both Dallas and El Paso Counties, among others, have been faced with a need to find new methods of dealing with the ever-growing volume of criminal cases. The legislation passed for each jurisdiction differs in mechanical approach. *Compare* Tex.Gov.Code Ann. sec. 54.301 et seq. with Tex.Rev.Civ.Stat.Ann. art. 1918g (Vernon Supp. 1988). The Dallas statute creates simply an office of magistrate, the holder of which serves simply as an agent for the district judge, subject to appointment and referral by the latter. The magistrate makes findings and recommendations which are only effectuated by the active or tacit finalization by the district judge. See *Rabb v. State*, 730 S.W.2d 751 (Tex.Crim. App.1987); *Kelley v. State*, 676 S.W.2d 104 (Tex.Crim.App.1984). The El Paso Statute differs in that: (1) it creates not merely a position of magistrate but also a magis-

trate's "court" and (2) in those cases set for non-jury pleas of guilty, the district court may assign the matter to the magistrate for final sentencing. Nonetheless, the net effect of the entire process established by the El Paso statute is still merely to provide an agency for expeditious handling of primarily uncontested criminal matters under the complete control of the district court. Indeed, only uncontested, non-jury guilty pleas may be fully disposed of by the magistrate. Even those may not be so disposed of without assignment by the district court and in the case of first-degree felonies, the absence of objection by the State or defense. All matters heard by the magistrate are retained upon the docket of the district court. All rulings are rendered by the magistrate presiding for the district court. No causes may be initially filed in the magistrate's court, and in fact, no referred cases are actually assigned to an independent magistrate's court docket. Although the mechanics differ from those employed in Dallas, the district court control over the El Paso magistrate's functions precludes characterizing those functions as an encroachment upon or divesting of district court jurisdiction. Point of Error No. Three is overruled.

Point of Error No. Four asserts that Article 1918g is unconstitutional in that it affords no right of appeal. As previously noted, all appealable decisions of the magistrate are issued in his capacity as presiding for the referring district judge. The act does not abridge the right to appeal. The appeal, as in this case, is not from the magistrate's "court" but from the district court. Point of Error No. Four is overruled.

■ Point of Error No. Five asserts a violation of the separation of powers doctrine embodied in Article II, sec. 1 of the constitution. Appellant contends that the act improperly delegates legislative authority for the creation of courts to the El Paso County Council of Judges. As previously noted, the El Paso system differs from the Dallas system in that the enabling statute creates both a court officer and a court. In *Kelley*, 676 S.W.2d, at 107 and *Kelly v.*

*State*, 724 S.W.2d 42, 47 (Tex.Crim.App. 1987), the Court of Criminal Appeals found that the Dallas magistrate system did not run afoul of Article V, sec. 1, because the enabling statute did not create an independent court but rather a surrogate court officer acting to assist the district judge in limited areas. The net effect of the El Paso system is the same. We find that the surrogate status of the newly created office is equally applicable to the newly created court. The critical constitutional question is whether the act has created (1) a court (2) with independent jurisdiction encroaching upon the constitutionally mandated jurisdiction of the district court. We have previously concluded that the El Paso scheme for both the magistrate's role and that of the magistrate's "court" invests neither with independent jurisdiction or power. Consequently, the enabling statute was a proper exercise of legislative power under Article V, sec. 1, of the constitution. *Kelly*, 724 S.W.2d at 46–47; *Kelley*, 676 S.W.2d at 104. The magistrate and magistrate's court are creatures of the legislature under Article 1918g. The act did not delegate creative authority to the El Paso County Council of Judges. Section 34 of the act merely affords the council an opportunity to activate the magistrate program in advance of the legislatively mandated initiation date of September 1, 1992. The only range of controlling authority vested in the council of judges falls squarely within the judicial function, considering the surrogate status of both magistrate and magistrate's court. The authority to create the subsidiary court and define the limits of its jurisdiction was properly exercised by the legislature. Point of Error No. Five is overruled.

Point of Error No. Six contends that the process by which the council of judges appoints the magistrate encroaches upon the executive branch prerogatives embodied in Article V, sec. 28 of the constitution and therefore violates the separation of powers doctrine. The assertion turns upon the Appellant's earlier proposition that the magistrate's court is a *de facto* district court. Having already rejected that argument, we find no violation of Article V, sec. 28. We find the El Paso appointive process constitutionally indistinguishable from the magistrate selection process utilized in Dallas. Point of Error No. Six is overruled.

The judgment is affirmed.