**Damont JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–00508/00509–CR.**

Court of Appeals of Texas,
Dallas.

June 24, 1993.

Jane M. Corley, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before LAGARDE, MALONEY and MORRIS, JJ.

### OPINION

LAGARDE, Justice.

The issue in this case is whether article 37.07(3)(a) of the Texas Code of Criminal Procedure violates the separation of powers doctrine found in the Texas Constitution. For the reasons that follow, we hold that article 37.07(3)(a) is constitutional.

## PROCEDURAL HISTORY

Damont Jackson entered open pleas of guilty to two aggravated robberies. The trial court accepted Jackson's pleas and found him guilty of both offenses. During the punishment phase of the trial, the State offered testimony from Michael Perez, Jackson's juvenile probation officer, about Jackson's juvenile record. Jackson's attorney objected to the testimony, arguing that article 37.07(3)(a) of the Texas Code of Criminal Procedure, which makes evidence of prior adjudications of delinquency admissible in certain instances, violates the separation of powers doctrine embodied in the Texas Constitution. The trial court overruled the objection and allowed Perez to testify that Jackson had been adjudicated delinquent for two felony offenses: aggravated assault and theft. After the State rested, Jackson took the stand, stated that he was sorry for what he had done, and requested probation. At the end of the punishment hearing, the trial court sentenced Jackson to twenty-one years' imprisonment and a fine of $1000 for each offense.

## JACKSON'S ARGUMENT

In his sole point of error, Jackson asserts that the trial court erred in admitting evidence of his prior juvenile record because article 37.07(3)(a) violates the separation of powers doctrine embodied in the state constitution. According to Jackson, the court of criminal appeals is entrusted with promulgating rules of evidence, and the Texas Legislature has impermissibly usurped that power by enacting article 37.07(3)(a).

■ The Texas Constitution states:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1. This provision is violated when (1) one branch of government assumes, or is delegated, power that is more properly attached to another branch; or (2) one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239 (Tex.Crim.App.1990).

Article 37.07(3)(a) provides in relevant part:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character.... Additionally, notwithstanding Rule 609(d), Texas Rules of Criminal Evidence, evidence may be offered by the state and the defendant of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of felony....

TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a) (Vernon Supp.1993).

Jackson contends that article 37.07(3)(a) is an evidentiary rule masquerading as a procedural rule. The legislature impermissibly encroached upon the authority of the judiciary by enacting article 37.07(3)(a), his argument continues, because the Texas Court of Criminal Appeals is charged with the duty of promulgating rules of criminal evidence.

This authority derives from the government code, which states:

(a) The court of criminal appeals has the full rulemaking power in the promulgation of rules of evidence in the trials of criminal cases, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.

(b) The court of criminal appeals may promulgate a comprehensive body of rules of evidence in the trials of criminal cases and from time to time may promulgate a specific rule or rules of evidence or an amendment or amendments to a specific rule or rules.... *The rules and amendments to rules remain in effect unless and until disapproved by the legislature.*

Tex.Gov't Code Ann. § 22.109 (Vernon 1988) (emphasis added).

## CONSTITUTIONALITY OF ARTICLE 37.07(3)(a)

■ The initial premise of the Texas separation of powers doctrine is that the legislature's power is plenary and subject only to limits imposed in the state or federal constitution. Harold H. Bruff, *Separation of Powers Under the Texas Constitution*, 68 Tex. L.Rev. 1337, 1348 (1990); *see also Government Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 563 (Tex.1963). It is well settled that the legislature has the power to mandate rules of evidence. *Williams v. State*, 707 S.W.2d 40, 45 (Tex.Crim.App.1986).

■ Certain essential legislative functions are vested in the legislature and may not be delegated. *See* Tex. Const. art. III, § 1 interp. commentary (Vernon 1984). However, in article V, section 31, the Texas Constitution specifically authorizes the legislature to delegate its power to write rules of evidence. It provides:

(a) The Supreme Court is responsible for the efficient administration of the judicial branch and shall promulgate rules of administration not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts.

(b) The Supreme Court shall promulgate rules of civil procedure for all courts not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts.

(c) The legislature may delegate to the Supreme Court or Court of Criminal Appeals the power to promulgate such other rules as may be prescribed by law or this Constitution, subject to such limitations and procedures as may be provided by law.

Tex. Const. art. V, § 31.

Pursuant to article V; section 31(c) of the state constitution, the legislature partially delegated its evidentiary rule-making power to the judiciary. *See* Tex.Gov't Code Ann. § 22.109 (Vernon 1989). But article V, section 31 of the constitution and section 22.109

of the government code expressly reserve the legislature's right to disapprove of rules promulgated by the judiciary. This notion of limited delegation is also apparent in the rules of criminal evidence. *See* Tex.R.Crim. Evid. 1101(d) (stating that the rules of criminal evidence apply to the sentencing or punishment phase of the trial only to the extent that evidentiary matters are not provided for in procedural statutes or other court rules prescribed pursuant to statutory authority); Tex.R.Crim.Evid. 101(c) (establishing a hierarchical governance for criminal proceedings in which the Code of Criminal Procedure ranks above the Rules of Criminal Evidence). Assuming, *arguendo*, that article 37.07(3)(a) is a rule of evidence, the legislature's action in promulgating article 37.07 is entirely consistent with the concept of limited delegation articulated in the Texas Constitution, the government code, and the rules of criminal evidence.

■ Furthermore, we fail to see, nor has Jackson informed us, how the legislature has assumed a power more properly attached to the judiciary or has interfered with the judiciary's exercise of its constitutional powers. The judicial power envisioned by the Texas Constitution embraces "(1) [t]he power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to enter a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Crim.App. 1984). Article 37.07(3)(a) neither interferes with these judicial powers nor constitutes an assumption of powers forbidden to the legislature. Therefore, we overrule Jackson's sole point of error.

We affirm the trial court's judgments.