Cedric Jay MULLINS, Appellant,

v.

The STATE of Texas, State.

Nos. 2-93-343-CR, 2-93-344-CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 5, 1995.

Charles Thorn, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Chuck Mallin, Assistant Chiefs of Appellate Section; John A. Stride, Chris Harrison, Anne Box, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before DAY, J., and PAUL S. COLLEY, J. (Retired) (Sitting by Assignment).

OPINION

COLLEY, Judge (Retired) (Sitting by Assignment).

Appellant Mullins was convicted by a jury in a consolidated trial of two felonies, to wit: robbery causing bodily injury, in trial cause number 0467602D, and theft from a person, in trial cause number 0467604D, being our cause numbers 2–93–343–CR and 2–93–344–CR respectively. The jury assessed punishment in cause number 2–93–343–CR at two years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine, but recommended probation of the fine and of the confinement for a period of five years; the jury assessed punishment in cause number 2–93–344–CR at confinement in a community correctional facility for one year without probation. On July 1, 1993, the trial court signed appropriate judgments in both cases based on the jury's verdicts.

Appellant timely appeals from these judgments and argues two points of error:

1. The record reveals that Judge Hopkins, a retired Court of Appeals justice, was assigned on June 28, 1993, by the presiding judge of the 8th Administrative Judicial Region of Texas to preside over the 297th District Court of Tarrant County, Texas, from June 28, 1993, to July 2, 1993, and as long thereafter as was necessary to complete the trial and adjudication of cases tried by him during that period.

1. "The existence and operation of Trial Room B violates the [doctrine of] the separation of powers of the Texas Constitution, Article II, Section 1."

2. "The conducting of trials and proceedings by 'Judges' appointed to preside over Trial Room B in this case is in violation of the Texas Constitution, Article V, Section 30 requiring all Judges of all Courts [of] county-wide jurisdiction to be elected for a four year term."

In his argument under his first point of error, appellant states correctly that the indictments in this case were returned to "the 213th Judicial District Court of Tarrant County." Likewise, he correctly asserts that Judge Harry Hopkins[1] presided at the trials of these causes in the 213th Judicial District Court of Tarrant County, Texas, in "Trial Room B."[2] We conclude that appellant's constitutional complaints in both points of error one and two are without merit and affirm the judgments of the trial court.

Appellant contends by his points of error that Judge Hopkins, sitting in the 213th District Court in "Trial Room B" in the Tarrant County Courthouse, exercised "judicial power." The record clearly supports that contention; however, appellant's claim that the use and operation of "Trial Room B" violates the separation of powers doctrine of the Texas Constitution is without merit. The cases relied on by appellant, *Rabb v. State*, 730 S.W.2d 751 (Tex.Crim.App.1987); *Kelley v. State*, 676 S.W.2d 104 (Tex.Crim.App.1984); and *Madrid v. State*, 751 S.W.2d 226 (Tex. App.—El Paso 1988, pet. ref'd), do not support appellant's contentions because they deal with the issue of whether the persons appointed by Dallas County district judges as magistrates under TEX.GOV'T CODE ANN. § 54.301 (Vernon 1988), constitute judges in the exercise of the so-called "judicial power."

2. The record shows that pretrial motions were heard and decided by Judge Hopkins on June 28 and 29, 1993. The trial on the merits of both cases, including punishment hearings, was conducted on June 29 and 30, and July 1 and 2, 1993, well within the dates of the assignment of Judge Hopkins.

443

Appellant erroneously considers "Trial Room B" as a court, when, in fact, it is undisputedly nothing but a place where court is held by district judges, albeit retired judges or justices sitting by administrative assignment pursuant to Chapter 74 of the Texas Government Code.[3] *See Ex parte Holmes,* 754 S.W.2d 676, 680 (Tex.Crim.App. 1988); *Jackson v. State,* 861 S.W.2d 259, 261 (Tex.App.—Dallas 1993, no pet.); *Tyrone v. State,* 854 S.W.2d 153, 160 (Tex.App.—Fort Worth 1993, pet. ref'd); *Armstrong v. State,* 719 S.W.2d 668, 670 (Tex.App.—Fort Worth 1986, no pet.).

Because of our reasons given above, we overrule appellant's points of error and affirm the judgments entered by Judge Hopkins in the 213th District Court of Tarrant County, Texas.

---

**3.** *See Alfaro v. State,* 638 S.W.2d 891, 895 (Tex.   Crim.App.1982).