**John N. STARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 089 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 9, 1983.

Bob D. Odom, Temple, for appellant.

Patrick J. Ridley, County Atty., Bell County, Belton, for appellee.

OPINION

BROOKSHIRE, Justice.

John N. Starks, Appellant, was found guilty by the court of possession of a usable quantity of not more than two ounces of marihuana and was sentenced by the court to 120 days in jail. In his sole ground of error, Appellant asserts the search of his person which turned up the weed was an unreasonable search in violation of the Fourth Amendment to the United States Constitution and *TEX. CONST. ART. I, Sec. 9* (1876, amended 1955). We disagree with Appellant.

The two arresting officers testified that between 3:00 and 3:30 a.m. on September 20, 1980, they were working "undercover" or in street clothes, and were walking down the street near the downtown bus station in Killeen, Bell County. They observed Appellant. When they were a very short distance away from Appellant they overheard him say to someone on the street "would you like to buy some cocaine", or words to that effect. The man to whom Appellant was speaking apparently saw and recognized the officers, seemed to shy away from Appellant and walk away. One of the officers then approached Appellant and announced he was a police officer and attempted to produce his badge. Before he could show his badge, however, Appellant broke and ran. Appellant ran only five or six feet before being caught and the officer placed Appellant in the search position against the wall of the bus station. The officer then attempted to search Appellant but Appellant pushed the officer, threw his elbows at the officer, and several times Appellant attempted to stick his hands in his pockets as if trying to reach for something. The officer testified as to what he told Appellant at

that point: "just to calm down, I was a police officer, he wasn't going anywhere and I intended to search him for cocaine." Appellant continued to resist and it was decided a search could not be conducted at that time. The officers decided to take Appellant approximately one hundred yards to the police station. The policemen had no handcuffs, so Appellant was restrained on the way by means of an arm lock. At the booking area of the city jail a search was attempted again, with much yelling and resistance from Appellant, and eventually a small quantity of marihuana was recovered from Appellant's right front pocket.

Appellant points to the comment by the officer that the policeman "intended to search him for cocaine" as showing patently that the incident was not an investigative detention with a limited "pat-down" search for weapons.

We hold: This incident began as a "Terry stop". *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Crawford v. State,* 544 S.W.2d 163 (Tex.Cr.App.1976). Probable cause for arrest thereupon rapidly developed. *TEX.CODE CRIM.PROC.ANN. art. 14.03* (Vernon 1967).

■■■ When the officer heard Appellant ask someone if that person "would like to buy some cocaine", sufficient articulable facts arose to make a temporary detention for the purpose of investigation. Such a detention is justified if the law enforcement officer has specific articulable facts, which in light of his experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion on the freedom of the person stopped. *Terry v. Ohio, supra; Williams v. State,* 629 S.W.2d 146 (Tex.App.—Dallas 1982, no writ). A question to someone in the street of whether he "would like to buy some cocaine", given the time and place, falls very close—but not quite close enough—to probable cause for arrest. It is, however, a very strong "articulable fact" for a Terry stop. The officers did stop Appellant. When, next, Appellant broke and ran probable cause for arrest had fully ripened. While flight from a law enforce-

ment officer cannot alone support a determination of probable cause, flight can provide, *in appropriate circumstances,* the *key ingredient* justifying a decision of a law enforcement officer to take action. *See United States v. Vasquez,* 534 F.2d 1142 (5th Cir.1976). All necessary ingredients for a valid arrest were present in the fully ripened situation.

The search conducted thereafter was a valid warrantless search made incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Jones v. State,* 493 S.W.2d 933 (Tex. Cr.App.1973). *See also Stewart v. State,* 611 S.W.2d 434 (Tex.Cr.App.1981).

AFFIRMED.