**Henry MALONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0980–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1987.

John P. Mustachio, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Maria Brannon, Harris County Asst. Dist. Attys., Houston, for State.

Before EVANS, C.J., and COHEN and HOYT, JJ.

Opinion

COHEN, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment of 15 years confinement.

Appellant contends in his first point of error that the trial court erred in overruling his motion to suppress certain evidence because his arrest was illegal. Houston Police Officer Larry Hawkins testified that at 10:45 a.m. on Sunday, September 21, 1986, he received a radio dispatch concerning a robbery in progress at the J.C. Penney store in Almeda Mall. Hawkins was also informed that the suspect was wearing a mask and had a gun, and that his assistance was needed on the southwest side of

the building. Hawkins arrived at 10:51 a.m. and saw appellant walking quickly through the parking lot, approximately 110 yards from Penney's. Hawkins knew that Penney's was closed until noon on Sunday. Appellant was wearing black gloves and was carrying a flashlight and a set of keys wrapped in tape. No one else was in sight on the parking lot.

Hawkins stopped his car, exited, and asked appellant where he was going. Appellant jumped back and said, "officer, I got to piss." As appellant reached for his pants, Hawkins saw what appeared to be a handgun in appellant's right front pocket. Hawkins told appellant to place his hands on the car, but appellant pushed Hawkins and began running. After Hawkins saw appellant reach into his left and right pockets, Hawkins drew his revolver and ordered appellant to halt. Appellant complied and was arrested. Hawkins found a loaded pistol in appellant's right pocket.

■ A police officer does not need probable cause to approach a person and ask where he is going. If he then observes a handgun in plain view, he has seen an offense in his presence and may make a warrantless arrest. Tex.Code Crim.P.Ann. art. 14.01(b) (Vernon 1977); *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Moreover, probable cause to arrest is not necessary to justify a temporary detention to investigate. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Crim.App. 1978).

In the present case, Hawkins knew that a robbery had just occurred at Penney's. His observations of appellant's brisk walk away from the mall, of appellant's gloved hands in warm weather, and of appellant carrying a flashlight during daylight justified temporarily detaining appellant to determine whether he was involved in the robbery. Appellant's possession of a visible gun, combined with his assault upon and flight from Hawkins, along with all the other circumstances, constituted probable cause to arrest. *Reed v. State*, 522 S.W.2d 916 (Tex.Crim.App.1975); *Starks v. State*, 661 S.W.2d 756, 757 (Tex.App.—Beaumont 1983, no pet.).

The first point of error is overruled.

■ Appellant next contends that the trial court erred in allowing testimony in the following three instances:

1.) Q. Was there ever a time when you were missing a set of register keys during the period of time that the defendant, Henry Malone, was employed with you?
A. Yes.
Q. Do you recall approximately when that was?
A. We lost two sets. One was in March and one was in April. We'd been having a bad problem with someone breaking into our registers. We didn't know who and so we were using an off and on key to lock the registers....
2.) Q. During the time that Henry Malone was employed at your store, was there ever a time when the beauty salon bag came up missing?
A. Yes.
3.) Q. You never had any problems and you felt that maybe the associates were using that door to take things that were being stolen from Penney's?
A. Right.
Q. On how may occasions did that happen?
A. We felt like they were stealing something.

Appellant did not object to this testimony and therefore waived any error. *Haynes v. State*, 627 S.W.2d 710 (Tex.Crim.App.1982). Because the harm asserted could have been cured by an instruction to disregard, the appellant's failure to object precludes review of the asserted error. *Williams v. State*, 643 S.W.2d 136 (Tex.Crim.App.1982). Moreover, the testimony quoted third was elicited by appellant, not the State.

The second point of error is overruled.

■ Appellant contends in his third point of error that the trial court erred in overruling his motion for continuance. The motion for continuance was not sworn, as required by Tex.Code Crim.P.Ann. art. 29.-08 (Vernon Supp.1987). Nothing is presented for review. *Klechka v. State*, 429 S.W.2d 900 (Tex.Crim.App.1968), *cert.*

*denied,* 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969); *see also Lopez v. State,* 535 S.W.2d 643 (Tex.Crim.App.1976).

The third point of error is overruled.

The judgment is affirmed.