Tommy Ray BURKES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–88–00304–CR.

Court of Appeals of Texas,
Tyler.

April 24, 1992.

Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

## OPINION ON REMAND

PER CURIAM.

On May 31, 1990, we delivered an unpublished per curiam opinion and rendered judgment affirming Appellant's conviction for possession of a controlled substance. In our opinion, we concluded that police obtained State's Exhibit 4 (a snuff box containing rock cocaine) as the result of a lawful *Terry* stop[1] and not as a result of an illegal arrest. The Texas Court of Criminal Appeals granted Appellant's petition for discretionary review and citing its opinion in *Amores v. State*, 816 S.W.2d 407 (Tex.Cr.App.1991), held that "in this case, handcuffing the appellant and placing him on the ground constituted an arrest, and not a mere detention under Art. 15.22 V.A.C.C.P." Accordingly, the Court of Criminal Appeals reversed our judgment and remanded the cause to this Court for a determination of probable cause and for further proceedings not inconsistent with its opinion. *Burkes v. State*, 830 S.W.2d 922 (Tex.Cr.App.1991). The Court of Criminal appeals having determined that the handcuffing of Appellant constituted an arrest; we will now address the issue raised in Appellant's seconds and third points of error as to whether police had probable cause to place the appellant under arrest at the time Officer Danny Butler handcuffed him.

A brief statement of the pertinent facts follows. Police officers had been dispatched to an area in Longview, Texas, known as the "Front" to investigate a tip regarding alleged drug activity there. The Front, a strip of night clubs and run-down buildings, serves as a well-known forum for illegal drug activity. Since Officers Butler and Wilson knew from past experience that drug-carrying patrons of the Front often made a hasty exit from the

---

1. *Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968).

rear of the buildings when law enforcement officers approached the Front, they stationed themselves on the street behind these night clubs where an open, grassy field abutted the rear of the clubs. As other officers approached the front of these clubs, Butler observed Appellant and others fleeing from the rear, so Butler intercepted Appellant as he ran down a path in the field. Butler shined a flashlight in Appellant's face and ordered him to lie face down. Butler then placed handcuffs on the appellant and frisked him. The frisk revealed a snuff can that rattled whenever Butler moved it. Butler seized the can, and upon opening it he found a substance later identified as rock cocaine.

■ In order for a warrantless arrest or search to be justified, the State must show the existence of probable cause at the time law enforcement officers made the arrest and the existence of circumstances which made procuring the warrant impracticable. *Crane v. State*, 786 S.W.2d 338 (Tex.Cr. App.1990, reh'g denied). In the instant case, the State asserts that seeing Appellant flee from an area of known drug activity gave Butler probable cause to believe that the appellant was involved in drug related activity and constituted grounds for arresting appellant under Tex.Code Crim. Proc.Ann. art. 14.03(a)(1) (Vernon Supp. 1988). Article 14.03(a)(1) provides:

> (a) Any peace officer may arrest, without warrant:
>
> > (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws;
> >
> > ....

To determine probable cause for a warrantless search and seizure, we must apply the "totality of the circumstances" test. *Amores*, 816 S.W.2d at 413. Probable cause for a warrantless arrest exists if at the moment of arrest, the officer acted upon knowledge based on reasonably trustworthy information that would warrant a reasonable and prudent person to believe that the person arrested had committed or was committing a crime. *Vasquez v. State*, 739 S.W.2d 37, 44 (Tex.Cr.App.1987). Mere suspicion is insufficient justification for a warrantless arrest. *Id.* at 44; *Gill v. State*, 134 Tex.Crim. 363, 115 S.W.2d 923 (1938).

■ In the instant case, Butler's presence at the Front stemmed from an apparently anonymous phone call received by police indicating that illegal drug activity was transpiring there.[2] Based upon this phone call, Butler and others had been dispatched to the Front; however, they had no indication as to the source or credibility of the information. Furthermore, Butler had no knowledge that Appellant or someone meeting his description had been involved in the alleged illegal activity. The State argues that Appellant's flight from the suspicious location constituted the primary factor which provided probable cause for a warrantless arrest. While in certain circumstances flight may constitute an important ingredient justifying a law enforcement officer to take action, flight from a law enforcement officer, without more, cannot support a determination of probable cause. *United States v. Vasquez*, 534 F.2d 1142 (5th Cir.1976); *Starks v. State*, 661 S.W.2d 756, 757 (Tex.App.—Beaumont 1983, no pet.).

In reviewing the totality of the circumstances leading up to the arrest, we also note that the testimony at trial reveals that Officer Butler had no intent to arrest Appellant at the time Butler handcuffed him:

Q. (By State's attorney) When you put the cuffs on Mr. Burkes, this might sound like a silly question, was he free to leave at the time?

A. (By Officer Butler) No sir, he was not.

Q. Did you consider him to be under arrest at that time?

A. I more or less put the cuffs on him for safety purposes. He couldn't

2. An unknown caller had notified police that there was a dog at the Front with illegal drugs taped to its belly.

have left until I gave him permission to leave, but at the—honestly, as [sic] the time I put the cuffs on the subject, I did not have any intentions of arresting him.

Officer Butler's testimony indicates that he did not arrest Appellant with the subjective belief that he had probable cause to do so, but that instead, the arrest inadvertently resulted from an overly aggressive "detention," *i.e.* restraining Appellant with handcuffs and requiring him to lie face down. *Burkes*, 831 S.W.2d at 4.

The State argues that the detention of Appellant constituted a valid *Terry* stop. However, since the Court of Criminal Appeals has held that the detention of Appellant became an arrest when he was placed in handcuffs, the State bore the greater burden of proving probable cause to justify a warrantless arrest. While the above-enumerated factors may have been enough to create a *suspicion* that Appellant was involved in illegal activity, we find these facts insufficient to establish probable cause for a warrantless arrest. Thus, the trial court should have suppressed the illegally seized evidence. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); TEX.CODE CRIM.PROC.ANN., art. 38.23. We, therefore, sustain Appellant's second and third points of error as to the issue of lack of probable cause to support Appellant's warrantless arrest.

The judgment of the trial court is reversed and the cause remanded to the trial court.

## JUDGMENT

THIS CAUSE came on to be heard on the transcript of the record, and the same being inspected, it is the opinion of the Court that there was error in the judgment as entered by the trial court below and that the same should be reversed and the cause remanded for proper disposition.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be reversed and the cause remanded to the trial court for proper disposition in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.