James Lee **JONES,** Appellant,

v.

The **STATE** of Texas, **Appellee.**

No. 01–93–00898–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 8, 1995.

Discretionary Review Refused Aug. 23, 1995.

Neal Y. Pickett, Houston, for appellant.

W.C. Kirkendall, Frank Follis, Seguin, for appellee.

Before TAFT, COHEN and MIRABAL, JJ.

## OPINION

TAFT, Justice.

We withdraw the opinion previously issued on February 23, 1995, in order to include *United States v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), in our analysis of point of error two.

The appellant, James Lee Jones, stood accused of murdering Davis Henry and Terry Causey during the same transaction, by stabbing them with a knife. A jury found the appellant guilty of capital murder, and the trial court sentenced him to life in prison.[1] The appellant challenges trial court rulings on various motions for: continuance; dismissing indictment; *Batson;* mistrial; attaching jurors; and quashing array. He also attacks the constitutionality of an automatic life sentence. We affirm.

### Motion to dismiss the indictment

In point of error two, the appellant contends the trial court erred in denying his

---

1. The State did not seek the death penalty.

motion to dismiss the indictment because he was not timely provided with counsel. The appellant complains that he was deprived of counsel for three and one-half months between his arrest and appointment of counsel. During this time the sheriff's department videotaped the crime scene, after which it was cleaned up by relatives of the deceased. The appellant contends that if he had had counsel, he and his counsel could have gone to the crime scene, made their own videotape, and tried to reconstruct events. He also claims harm from being denied the right to contact potential witnesses while memories were fresh.

On appeal the appellant relies upon the right to counsel as embodied in the United States Constitution and in TEX.CODE CRIM.P. art. 1.051(g) (Vernon Supp.1995). The only authority which was presented at trial, either in the appellant's written motion to dismiss the indictment, or during the hearing conducted thereon, was article 32A.02 of the Texas Rules of Civil Procedure.[2] Under these conditions, it is doubtful that the appellant has preserved his second point of error for review. *See Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Even if the appellant had properly preserved this point for review, the following analysis upholds the trial court's denial of the appellant's motion to dismiss the indictment.

### a. The facts

On June 23, 1992, the appellant was arrested in Lavaca County and was taken before a magistrate, who advised him of his right to an attorney. That same night, he was taken to Colorado County where he appeared before a second magistrate, who again advised him of his right to an attorney and his right to have an attorney appointed if he could not afford one. The appellant told the magistrate that he understood his rights and signed the form containing the warnings. The magistrate was satisfied that the appellant understood his rights and that the appellant did not request an attorney.

Eleanor Barnes, an attorney with the Gulf Coast Legal Foundation in Houston, testified that the appellant's mother called her in mid-August and asked if she would visit the appellant in the Columbus jail. On the last Saturday in August, Barnes did visit the appellant in jail. She testified that, from the beginning of her discussions with the appellant and his mother, she told them she would not represent the appellant and that they could not afford the cost of a capital murder case.

Barnes also testified that she had a couple of conversations with the sheriff, although the record is not clear when these conversations took place. She told the sheriff she was trying to get information on the case. She also told him she had not decided to represent the appellant, that maybe she could get someone to do it pro bono. She testified that the sheriff responded that "he needed to get someone right away." Barnes did not file any motions with the trial court on behalf of the appellant, did not make any court appearances on his behalf, and did not investigate the murders.

On September 11, 1992, the appellant was indicted by a Colorado County grand jury. Barnes visited the appellant two more times in jail, once on September 21, 1992, and again, three or four weeks later, in October 1992. On one visit, she accepted a copy of the indictment from the sheriff and served it on the appellant in jail.

The public defender testified that he was present in the courtroom on September 23, 1992, when the appellant appeared for an arraignment setting. At that time, the sheriff told the trial court that the appellant had hired counsel. As a result, nothing was done with the appellant that day; he didn't leave his seat and no one spoke to him.

On October 8, 1992, Joe Fling, the public defender, was appointed to represent the appellant.

### b. Denial of counsel

This is not a case where a criminal defendant requested counsel and the request was

---

**2.** The context reveals that appellant meant to invoke TEX.CODE CRIM.P. art. 32A.02 (Vernon 1989), the statutory speedy trial provision, which

has been declared unconstitutional. *See Meshell v. State,* 739 S.W.2d 246, 258 (Tex.Crim.App. 1987).

denied. The appellant asserts an "effective" denial of counsel. He claims that the trial court had an affirmative duty to assure that the appellant had counsel soon enough to investigate matters, including examining the scene of the crime, when still fresh. Whether an accused has such a right depends on whether this phase is a critical stage of adversarial judicial proceedings. *See United States v. Gouveia*, 467 U.S. 180, 191–93, 104 S.Ct. 2292, 2299–2300, 81 L.Ed.2d 146 (1984) (acknowledging that while it would have been helpful for inmates, held 19 months in administrative detention, to have had counsel appointed soon after crime, no sixth amendment right to counsel attached until adversarial judicial proceedings were initiated via indictment).

■ A trial court must examine an unrepresented criminal defendant to assure that he is aware of his right to counsel, and take appropriate measures to be sure the right to counsel is honored, prior to conducting any adversarial judicial proceedings. *See Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim.App.1994). The test utilized to determine whether a particular event is a critical stage is whether the accused requires aid in coping with legal problems or assistance in meeting his adversary. *See Gouveia*, 467 U.S. at 189, 104 S.Ct. at 2298; *Green v. State*, 872 S.W.2d 717, 720–22 (Tex.Crim.App. 1994).

Investigative procedures by law enforcement personnel are generally not considered adversarial judicial proceedings requiring the presence of counsel. *See, e.g., United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) (post-indictment photo display for witness identification of accused prior to trial is not a critical stage). An exception to the general rule occurs when the accused is involved in the investigative procedure, such as a corporeal line-up. *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (post-indictment line-up requires presence of counsel, or waiver of right). This Court has previously determined that a pre-indictment videotaped line-up made in the absence of witnesses, and shown to witnesses when the accused was not present either pre-indictment or post-indict-

ment, does not constitute a critical stage so as to require the presence of counsel. *See Poullard v. State*, 833 S.W.2d 270, 271–73 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Poullard v. State*, 833 S.W.2d 273, 275–76 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ In the present case, the record reflects that no adversarial proceedings occurred prior to counsel being appointed to represent the appellant. The pre-indictment investigation conducted by law enforcement, which did not involve the appellant, does not constitute adversarial judicial proceedings. While the post-indictment "arraignment" hearing scheduled for September 23, 1992, had the potential for being an adversarial proceeding, no proceeding actually took place due to the sheriff's apparently erroneous announcement that the appellant was represented by retained counsel.

Because the appellant was not deprived of counsel during a critical stage of adversarial judicial proceedings, the trial court did not err in denying the appellant's motion to dismiss the indictment.

We overrule point of error two.

### Sentencing

■ In point of error four, the appellant contends the trial court erred in sentencing him to life imprisonment under TEX.CODE CRIM.P. art. 37.071, § 1 (Vernon Supp.1995). Section one of article 37.071 provides if a defendant is found guilty in a capital felony case in which the State did not seek the death penalty, the trial court shall sentence the defendant to life imprisonment. The appellant contends that by legislative writ, he has been denied a constitutional right by the passage of article 37.071 because the legislature has encroached upon the judiciary's domain. The appellant cites TEX. CONST. art. II, § 1, the separation of powers clause, and TEX. CONST. art. I, § 10, the provision giving an accused the right to be heard.

#### a. Separation of powers

Article 2, section 1 of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy ... and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in instances herein expressly permitted.

The separation of powers provision may be violated in either of two ways. *Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239 (Tex.Crim.App.1990). First, it is violated when one branch of government assumes, or is delegated, to whatever degree, a power that is more "properly attached" to another branch. *Id.* Second, it is violated when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Id.*

■ The appellant argues that article 37.071, section one, unduly encroaches on the court's exercise of a judicial power, that is, imposing sentencing on a criminal defendant. However, we do not agree with the appellant that the authority to prescribe criminal penalties lies within the judiciary. "The legislature is invested with the lawmaking power of the people and may define crimes and prescribe penalties." *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97, 104 (Tex.Crim. App.1973). In section one of article 37.071, the legislature has done just that: it has prescribed the penalty for a defendant convicted of a capital felony in cases where the State did not seek the death penalty. It is within the constitutional power vested in the legislature to determine that the penalty for capital murder should be death or life imprisonment. *See Ex parte Granviel,* 561 S.W.2d 503, 515 (Tex.Crim.App.1978).

We find no violation of separation of powers.

**b. Right to be heard**

■ In regard to the appellant's constitutional right to be heard, the appellant contends that the automatic sentence deprived him of the right to present evidence at the punishment stage. Of course, any automatic sentence effectively precludes the presenta-

tion of evidence and argument. The only automatic sentences in Texas criminal law are dispensations to those who are convicted of capital murder. A life sentence is provided for those who were under seventeen at the time of commission of the offense and for those against whom, like the appellant, the State did not seek the death penalty.

Having found that it was the prerogative of the legislature to prescribe the penalty of life imprisonment for capital murder in a case where the State does not seek the death penalty, it follows that a trial court may assess such sentence without performing the useless acts of hearing evidence or argument.

We find no violation of the constitutional right to be heard.

**c. Summary**

Having found no violation of the separation of powers or of the right to be heard, we overrule point of error four.

The remainder of this opinion does not meet standards for publication pursuant to Tex.R.App.P. 90(c) and thus is ordered not published.

We affirm the trial court's judgment.

**Motions for continuance**

In points of error one and six, the appellant contends the trial court erred by denying his motions for continuance. This case was set for trial on June 28, 1993. The State notified the appellant's attorney four days before trial that it would not seek the death penalty. The appellant filed two unsworn motions for continuance, which the trial court denied.

Point of error one challenges the denial of a motion for continuance based on the failure of the State to timely satisfy discovery orders. The appellant contends the late notice that the State would not seek the death penalty resulted in unfair and prejudicial surprise. He explains that he did not complain sooner of the State's failure to timely produce certain evidence because he believed jury selection would take about one month in a death penalty case. This would have given him enough time to prepare for trial.

Point of error six complains of the denial of a motion for continuance to obtain a blood spatter expert. The appellant emphasizes the importance of blood spatter testimony presented by a State's witness, and the benefit a defense expert would have provided in analyzing blood drops found on the appellant's boots and other blood droplets portrayed in photographs. The appellant again relies on the short notice of the change in trial schedule.

Here, the appellant's motions for continuance were not sworn by someone with personal knowledge of the facts relied upon, as required by TEX.CODE CRIM.P. art. 29.08 (Vernon 1989). Furthermore, the second motion did not meet the requirements of TEX.CODE CRIM.P. art. 29.06 (Vernon 1989). Therefore, nothing is presented for our review. *See Kemner v. State,* 589 S.W.2d 403, 410 (Tex.Crim.App.1979); *Malone v. State,* 734 S.W.2d 50, 51 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Shavers v. State,* 881 S.W.2d 67, 75 (Tex.App.—Dallas 1994, no pet. h.).

We overrule points of error one and six.

### Batson claim

In point of error three, the appellant contends the trial court erred in denying his motion challenging the State's exclusion of three persons from the jury in violation of *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), and TEX.CODE CRIM.P. art. 35.261 (Vernon 1989).

In reviewing a *Batson* claim, we must determine if the State exercised its peremptory strikes in a purposefully discriminatory manner. *Jones v. State,* 818 S.W.2d 532, 533 (Tex.App.—Houston [1st Dist.] 1991 no pet.). To do so, we must determine whether the trial court's findings are clearly erroneous. *Esteves v. State,* 849 S.W.2d 822, 823 (Tex. Crim.App.1993); *Hill v. State,* 827 S.W.2d 860, 865 (Tex.Crim.App.1992). A trial court's finding is clearly erroneous when, after reviewing the record, the appellate court is left with the definite and firm conviction that a mistake has been committed. *Hill,* 827 S.W.2d at 865; *Jones,* 818 S.W.2d at 533. The reviewing court shall consider the prospective juror's voir dire as a whole and

accord due deference to the trial court's ruling. *Rousseau v. State,* 855 S.W.2d 666, 680 (Tex.Crim.App.1993).

The appellant's *Batson* motion challenged the State's use of its peremptory strikes against three potential jurors: juror number 17, Pamela Okereh; juror number 25, Gladystene Lockett; and juror number 36, Peggy Manciaz. As part of his prima facie case, the appellant showed that Okereh and Lockett were African–Americans, and Manciaz was Hispanic; four African Americans were on the panel who could have been reached to serve on the jury; two of them were struck by the State; one was struck by the appellant; and one was selected as a juror.

The prosecutor testified that he struck Okereh because her son was a juvenile delinquent who had been adjudicated in Colorado County; Okereh was very defensive and uncooperative with police officers in their dealings with her son; she had not held a job for very long; and her last two jobs were for a year or less. The arrest or conviction of a venireperson's relative is a race-neutral explanation for striking that venireperson. *Davis v. State,* 822 S.W.2d 207, 211 (Tex. App.—Dallas 1991, pet. ref'd). Changing jobs frequently or short tenure at current employment can be a racially neutral reason for exercising a peremptory challenge. *See id.; Branch v. State,* 774 S.W.2d 781, 783 (Tex.App.—El Paso 1989, pet. ref'd). The trial court's finding that the prosecutor struck Okereh for race-neutral reasons is not clearly erroneous.

The prosecutor testified that he struck Lockett because she testified that she knew one of appellant's attorneys and knew five witnesses whom the prosecutor knew to be friends of the appellant. Considering the prospective juror's voir dire as a whole and according due deference to the trial court's ruling, we find the trial court's ruling not to be clearly erroneous. *Rousseau,* 855 S.W.2d at 680.

The prosecutor testified that he struck Manciaz because she was 21 years old, and he strikes potential jurors under 30 years of age unless someone vouches for them; she was employed at her current job for less than

three months; and she is friends with members of the appellant's family. Striking jurors under 30 years old has been held to be a legitimate racially neutral explanation. *See Silva v. State,* 800 S.W.2d 912, 915 (Tex. App.—San Antonio 1990, no pet.). We have already held that the prosecutor's other reasons, short tenure at a job and friendship with members of the appellant's family, were race-neutral. The trial court's rulings on the appellant's *Batson* motion were not clearly erroneous.

We overrule point of error three.

### Motion for mistrial

In point of error five, the appellant contends the trial court erred in denying his motion for a mistrial in which he objected to a side-bar remark made by the prosecutor.

During his direct examination of Joe Davidson, a witness called by the State, the prosecutor asked Davidson if the appellant offered to sell him, or pawn, State's exhibit 34, a handgun:

Davidson: I loaned him the money. He was supposed to come back and get it.

The State: All right. I don't think he is coming back, by the way.

The appellant contends that the remark amounted to unsworn testimony and implied that the prosecutor knew something about the case that the jury did not know.

However, the appellant did not object or ask for an instruction to have the jury disregard the prosecutor's side-bar remark. The prosecutor asked the witness three more questions before the appellant moved for a mistrial. To preserve the right to complain about improper remarks made in the presence of the jury, a proper and timely objection must be made and overruled. *See Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim. App.1987); *Gonzales v. State,* 807 S.W.2d 830, 835 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Failure to object waives the error unless the statement is so prejudicial that no instruction could have cured the harm. *Green v. State,* 682 S.W.2d 271, 295 (Tex. Crim.App.1984); *Onofre v. State,* 836 S.W.2d 807, 811 (Tex.App.—Houston [1st Dist.] 1992, pet ref'd.); *Gonzales,* 807 S.W.2d at 835.

Here, the appellant has not shown how he was harmed by the prosecutor's remark and has not shown that the remark was so prejudicial that no instruction from the trial court could have cured the harm.

We overrule point of error five.

### Motion to attach jurors

In point of error seven, the appellant contends the trial court erred in denying his motion to have the sheriff of Colorado County attach several jurors who were summoned but did not appear.

The appellant filed a motion requesting the Court to order the sheriff to take into custody 23 potential jurors who were among the first 60 jurors listed. Article 35.01 of the Code of Criminal Procedure provides, in part:

An attachment may issue on the request of either party for any absent summoned juror, to have him brought forthwith before the court. A person who is summoned but not present, may upon an appearance, before the jury is qualified, be tried as to his qualifications and impaneled as a juror unless challenged, but no cause shall be unreasonably delayed on account of his absence.

TEX.CODE CRIM.P. art. 35.01 (Vernon 1989). This statute is directory, not mandatory, and any failure of the court to observe a literal compliance will not constitute reversible error absent a showing of injury from the court's refusal to grant the request. *Jackson v. State,* 745 S.W.2d 4, 17 (Tex.Crim.App. 1988); *Custard v. State,* 812 S.W.2d 82, 86 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).

The appellant moved for attachment of potential jurors who were not present because it appeared that some were members of a minority group and because the appellant is also a member of a minority group. On appeal, the appellant states that the trial court's denial of his motion caused him harm and impaired his right to an impartial jury. However, the appellant has not shown that he was forced to accept an objectionable juror or that he was denied an impartial jury; his assertions are not supported in the rec-

ord. *See Jackson,* 745 S.W.2d at 17; *Custard,* 812 S.W.2d at 87.

We overrule point of error seven.

### Motion to quash the array

In point of error eight, the appellant contends the trial court erred in denying his motion to quash the jury panel. The appellant contends the array was not a fair cross section of the community.

The Code of Criminal Procedure provides that all challenges to the array must be in writing setting forth distinctly the grounds for the challenge, and the defendant must support the challenge by either personal affidavit or affidavit of any credible person. TEX.CODE CRIM.P. art. 35.07 (Vernon 1989); *Hart v. State,* 818 S.W.2d 430, 438 (Tex. App.—Corpus Christi 1991, no pet.). While the appellant filed a written motion to quash the array, he did not attach an affidavit supporting the motion. Therefore, nothing is presented for our review. *Hart,* 818 S.W.2d at 438.

We overrule point of error eight.

We affirm the trial court's judgment.