Opinion issued March 20, 2008 









 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00767-CR

____________


ROLANDO KEVIN LEE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1103487






MEMORANDUM OPINION

 Appellant, Rolando Kevin Lee, with an agreed punishment recommendation
from the State, pleaded guilty to the offense of possession of a controlled substance,
namely, cocaine, in an amount more than four grams but less than two hundred
grams. (1) The trial court deferred adjudication of appellant's guilt, placed him on
community supervision for five years, and imposed a $500 fine. The State
subsequently filed a motion to adjudicate appellant's guilt based on allegations that
he violated the terms and conditions of community supervision by, among other
things, consuming alcohol, failing to complete community service, and possessing 
controlled substances, namely, cocaine and marijuana. Appellant pleaded not true to
these allegations. After conducting a hearing, the trial court found the above
allegations true, found appellant guilty, and assessed his punishment at confinement
for ten years. In three points of error, appellant contends that (1) his trial counsel
rendered ineffective assistance, (2) the trial court imposed a sentence which
constitutes cruel and unusual punishment, (2) and (3) a "lost" portion of the reporter's
record entitles him to a new trial. 

 We affirm.

Factual and Procedural Background

 On February 12, 2007, appellant pleaded guilty to the offense of possession of
a controlled substance. Appellant stipulated that, on February 8, 2007, after Houston
Police Department Officer B. Burgess attempted to issue a citation to him for riding
his bicycle without a headlight, he fled from Burgess. After apprehending appellant,
Burgess discovered that appellant possessed 6.35 grams of cocaine, 14.24 grams of
marijuana, and 5.04 grams of "Ultram," a prescription drug. Based on appellant's
plea, his stipulation of evidence, and the State's punishment recommendation, the
trial court deferred adjudication of appellant's guilt and placed him on community
supervision for five years.

 Subsequently, on August 16, 2007, at the hearing on the State's motion to
adjudicate guilt, Harris County Probation Department Officer M. Keller testified that
the trial court required, as conditions of appellant's community supervision, that
appellant "avoid injurious or vicious habits," such as possessing or using alcohol,
cocaine, and marijuana, to submit to a monthly alcohol and drug analysis, and to
complete community service. Keller stated that a urine analysis, taken on March 12,
2007, revealed that appellant tested positive for cocaine, and, appellant, on that same
day, admitted to Keller that he had used alcohol and marijuana. Keller also testified
that appellant had not completed his monthly community service.

 On cross-examination, Keller conceded that probationers who violate the
condition to "avoid injurious or vicious habits" are sometimes "assessed or assigned
some additional treatment plan or program," rather than having the trial court
adjudicate the offender's guilt. Keller also conceded that, although appellant had not
completed any community service hours, appellant had signed up in a community
service program.

 Houston Police Department Officer S. Delacruz testified that, on April 3, 2007,
after stopping a car for speeding and changing lanes without signaling, appellant, a
passenger in the car, appeared nervous due to his profuse perspiration. Delacruz
noticed that, after appellant had picked up his shirt to wipe the perspiration off of his
face, Delacruz saw crack cocaine sticking out of his pocket. 

 Appellant testified that, while on community supervision, he drank alcohol and
used cocaine, knowing that it violated the trial court's conditions for his community
supervision. However, appellant denied that he possessed cocaine when Officer
Delacruz stopped the car. He also asserted that Delacruz conducted the stop
unlawfully. Appellant further expressed his desire to remain on community
supervision and noted that he had a steady job in home improvement.

Cruel and Unusual Punishment

 In his second point of error, appellant, citing the Eighth Amendment of the
United States Constitution, argues that the trial court sentenced him to a cruel and
unusual punishment because "a ten-year sentence is grossly disproportionate to the
crime when compared to the gravity of the offense." Appellant asserts that he may
raise this argument for the first time on direct appeal because "nothing in the [R]ules
precludes taking notice of fundamental errors affecting substantial rights although
they were not brought to the attention of the [trial] court."

 In order to preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must
present to the trial court a timely request, objection, or motion stating the specific
grounds for the ruling desired. See Tex. R. App. P. 33.1(a); Rhoades v. State, 934
S.W.2d 113, 119-20 (Tex. Crim. App. 1996); Noland v. State, --- S.W.3d ----, No. 01-06-00829-CR, 2007 WL 4465624, at *7 (Tex. App.--Houston [1st Dist.] Dec. 20,
2007, pet. filed). Here, appellant did not assert his Eighth Amendment claim in the
trial court. Accordingly, we hold that appellant has waived his Eighth Amendment
cruel and unusual punishment complaint. See Ladd v. State, 3 S.W.3d 547, 564 (Tex.
Crim. App. 1999) (concluding that defendant did not preserve cruel and unusual
punishment complaint for appellate review); Trevino v. State, 174 S.W.3d 925,
927-28 (Tex. App.--Corpus Christi 2005, pet. ref'd) (holding that cruel and unusual
punishment complaint was not fundamental error).

 We overrule appellant's second point of error.


Ineffective Assistance

 In his first point of error, appellant argues that his trial counsel provided him
ineffective assistance because he did not object to the trial court's ten-year sentence
as cruel and unusual punishment. Appellant notes that Keller testified, "[W]hen
people on [community supervision] admit to using alcohol or a controlled substance,
sometimes they're assigned some additional treatment plan[,] rather than having their
[community supervision] revoked."

 In order to prove an ineffective assistance of counsel claim, a defendant must
show that his counsel's performance fell below an objective standard of
reasonableness and, but for his counsel's unprofessional error, there is a reasonable
probability that the result of the proceedings would have been different. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Vasquez v. State,
830 S.W.2d 948, 949 (Tex. Crim. App. 1992). A reasonable probability is a
"probability sufficient to undermine confidence in the outcome." Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the
totality of the representation to determine the effectiveness of counsel, indulging a
strong presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 Before this Court may conclude that appellant's trial counsel rendered
ineffective assistance by failing to object, appellant must show that if his trial counsel
had objected, the trial court would have erred in overruling the objection. See Jacoby
v. State, 227 S.W.3d 128, 131 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd);
Vaughn v. State, 888 S.W.2d 62, 74 (Tex. App.--Houston [1st Dist.] 1994), aff'd, 931
S.W.2d 564 (Tex. Crim. App. 1996).

 The Texas Constitution vests the Texas Legislature with the power to define
crimes and prescribe penalties. Tex. Const. art. III, § 1; see State ex. rel. Smith v.
Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973); Jones v. State, 902 S.W.2d
102, 106 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). Courts have repeatedly
held that punishment which falls within the limits prescribed by a valid statute is not
excessive, cruel, or unusual. See Rummel v. Estelle, 445 U.S. 263, 284-85, 100 S. Ct.
1133, 1144-45 (1980); Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983);
Holley v. State, 167 S.W.3d 546, 549 (Tex. App.--Houston [14th Dist.] 2005, pet.
ref'd). 

 Here, the trial court found appellant guilty of the offense of possession of a
controlled substance in an amount of four grams or more but less than two hundred
grams, which is a second-degree felony. See Tex. Health & Safety Code Ann. §
481.115(d) (Vernon 2003). Appellant's possession of 6.35 grams of cocaine falls
within the statute's ambit. See id. The punishment for a second-degree felony is
confinement for any term of not more than twenty years or less than two years and,
in addition to imprisonment, punishment by a fine not to exceed $10,000. Tex.
Penal Code Ann. § 12.32 (Vernon 2003). As noted above, the trial court sentenced
appellant to ten years of confinement with a $500 fine. Thus, appellant received a
punishment within the applicable statutory range.

 Appellant argues that his ten-year sentence constitutes cruel and unusual
punishment because it is disproportionate to the crime that he committed. The Eighth
Amendment forbids only extreme sentences that are grossly disproportionate to a
crime. Solem v. Helm, 463 U.S. 277, 288, 103 S. Ct. 3001, 3009 (1983); see also
Noland, 2007 WL 4465624, at *7 (stating that Eighth Amendment has narrow
proportionality principle). A sentence is grossly disproportionate to the crime
committed only when an objective comparison of the gravity of the offense against
the severity of the sentence reveals the sentence to be extreme. Diaz-Galvan v. State,
942 S.W.2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). We judge
the gravity of the offense in light of the harm caused or threatened to the victim or
society and the culpability of the offender. Culton v. State, 95 S.W.3d 401, 403 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). Only if a court determines that a
sentence is grossly disproportionate to an offense will the court then (1) compare the
sentence to similar crimes in the same jurisdiction and (2) compare the sentence to
similar crimes in other jurisdictions. Id. In conducting this analysis, courts "should
grant substantial deference to the broad authority that legislatures necessarily possess
in determining the types and limits of punishments for crimes, as well as to the
discretion that trial courts possess in sentencing convicted criminals." Solem, 463
U.S. at 290, 103 S. Ct. at 3009. 

 Appellant asserts that the trial court, instead of sentencing him to confinement,
should have "assigned some additional treatment plan." However, the trial court's
sentence falls within the statutory range of punishment. Punishment assessed within
the statutory limits is generally not cruel and unusual punishment. See Samuel v.
State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Here, appellant relies on
Keller's testimony that similar offenders have received community supervision, but
appellant does not show that his case is sufficiently similar to other cases that
received lesser sentences so as to depart from the general rule that a sentence within
the statutory range is constitutionally permissible. Thus, the ten-year sentence is not
a constitutionally disproportionate sentence. Cf. Rummel, 445 U.S. at 285, 100 S. Ct.
at 1145 (concluding, under previous version of Texas's recidivist statute, that
defendant who received life imprisonment for obtaining $120.75 by false pretenses
did not receive grossly disproportionate sentence). Had appellant's trial counsel
objected to the sentence as constituting cruel and unusual punishment, the trial court
would not have erred in overruling the objection. See Jacoby, 227 S.W.3d at 131.

 Accordingly, we hold that appellant has not demonstrated that his trial
counsel's actions fell below an objective standard of reasonableness and that
appellant has not satisfied Strickland's first prong.

 We overrule appellant's first point of error.

Reporter's Record

 In his third point of error, appellant argues that a missing portion of the
reporter's record entitles him to a new trial because the "missing portion of the
[reporter's] record is necessary to the appeal's resolution." 

 On October 1, 2007, the court reporter originally filed the reporter's record
with this Court. On October 12, 2007, appellant filed a "Motion to Supplement the
Record" and, on November 8, 2007, a "Motion Objecting to an Incomplete Record
and Requesting Supplementation of the Record." On December 12, 2007, we abated
the appeal and remanded the cause to the trial court to conduct a hearing in order to
determine whether or not the court reporter could provide the missing portion of the
reporter's record. On December 28, 2007, the court reporter supplemented the
reporter's record. On January 8, 2008, the trial court conducted a hearing, and
appellant's counsel and the State both agreed that the reporter's record was complete.

 An appellant is not entitled to a new trial under Texas Rule of Appellate
Procedure 34.6(f) if a lost portion of the reporter's record is "replaced by agreement
of the parties." See Tex. R. App. P. 34.6(f)(4). Here, after we abated the appeal, the
trial court conducted a hearing in which both appellant and the State agreed that the
reporter's record was complete. Accordingly, we hold that appellant is not entitled
to a new trial under Rule 34.6(f). 

 We overrule appellant's third point of error.

Conclusion

 We affirm the judgment of the trial court. 

 



 

 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003).
2. See U.S. Const. amend. VIII.