

# NUMBER 13-24-00530-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TRAVIS CLARK GILBERT,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF BRAZOS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

Appellant Travis Clark Gilbert pleaded guilty to the class-B misdemeanor offense of driving while intoxicated (DWI) pursuant to a plea bargain agreement with the State. *See* TEX. PENAL CODE ANN. § 49.04. The trial court suspended his license for ninety days, ordered appellant to serve three days in the Brazos County Jail, and ordered him to pay the court costs of $425, a fine of $2,000, and a State Traffic Fine of $3,000. By two issues,

appellant contends that § 709.001 of the Texas Transportation Code is unconstitutional. *See* TEX. TRANSP. CODE ANN. § 709.001(b)(1) (providing a person convicted of DWI must pay a fine of "$3,000 for the first conviction within a 36-month period"). We affirm.[1]

## I. PRESERVATION

By his first and second issues, appellant contends that § 709.001 is unconstitutional because the State Traffic Fine of $3,000 is disproportionate to the offense he committed and that it violates the separation of powers doctrine of the Texas Constitution. The State contends that appellant failed to preserve both of his issues.

An appellant must present a timely and specific objection to the trial court and obtain a ruling to preserve an issue for appellate review. TEX. R. APP. P. 33.1(a). "[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial." *Cooper v. State*, 673 S.W.3d 724, 749 (Tex. App.—Fort Worth 2023, no pet.) (quoting *Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd)). Both facial and as-applied challenges must be raised in the trial court to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

"To preserve for appellate review a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment, a defendant must present to the trial court a 'timely request, objection, or motion' stating the specific grounds for the ruling desired." *Trevino v. State*, 676 S.W.3d 726, 730 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.) (quoting TEX. R. APP. P. 33.1(a)). Likewise, the appellant must

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

preserve a challenge to a statute on the basis that it violates the separation of powers doctrine. *Wilkerson v. State*, 347 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see also Ex parte Williams*, No. 03-20-00457-CR, 2021 WL 1583882, at *12 (Tex. App.—Austin Apr. 23, 2021, no pet.) (mem. op., not designated for publication).

Here, appellant has retained counsel and did not request a copy of the reporter's record of the plea hearing.[2] Thus, there is nothing in the record showing that appellant specifically objected to the State Traffic Fine at the time that the trial court imposed the sentence on the basis that it was grossly disproportionate to the offense or that it violated the separation of powers doctrine of the Texas Constitution.[3] *See* TEX. R. APP. P. 33.1(a); *Trevino*, 676 S.W.3d at 730; *Wilkerson*, 347 S.W.3d at 724; *see also Ex parte Williams*, 2021 WL 1583882, at *12. Also, there is nothing in the record showing that appellant filed a motion challenging the State Traffic Fine on any basis. TEX. R. APP. P. 33.1(a). Therefore, appellant waived his grossly disproportionate and separation of powers complaints. *See Trevino*, 676 S.W.3d at 730 ("Appellant never objected to his sentences at trial or filed post-trial motions to challenge the same, so he waived his grossly disproportionate sentence argument on appeal.").

Moreover, the plea bargain agreement states that "[a]s a result of negotiations between the parties, [appellant] agrees to plead guilty to" the DWI and that "PUNISHMENT will be assessed at . . . 3 days + cc + $2,000 fine + $3,000 State Traffic

---

[2] Appellant noted in his docketing statement that no there is no reporter's record in this cause.

[3] We note that in the trial court's certification of the defendant's right of appeal, the trial court hand wrote, "defendant can appeal the constitutionality of the State Traffic Fine." However, there is no notation that appellant specifically objected on the basis that the fine is unconstitutional because it violates the Eighth Amendment or the separation of powers doctrine. Therefore, the certificate does not preserve these arguments. *See* TEX. R. APP. P. 33.1.

Fine + 90 day DL suspension . . . ." Thus, appellant acquiesced to the terms of the agreement, which included the State Traffic Fine. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) ("[B]y entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract."). We overrule appellant's first and second issues.

## II.     PRESERVATION EXCUSED ON APPEAL

By a sub-issue to his second issue, appellant contends preservation of his separation of powers argument was not necessary.

## A.    Systemic Right

First, appellant argues he was not required to preserve his separation of powers challenge to the State Traffic Fine because the issue encompasses a systemic right.

None of the cases cited by appellant to support his argument concern a fine imposed by the Legislature that is part of the sentence, such as the State Traffic Fine. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("[F]ines generally must be orally pronounced in the defendant's presence" and "are punitive, and they are intended to be part of the convicted defendant's sentence . . . ."); *Rodriguez v. State*, 675 S.W.3d 54, 56 (Tex. App.—San Antonio 2023, no pet.) ("A fine is part of a sentence."). Instead, we have found authority stating that to preserve a separation of powers challenge to a *sentence*, an appellant must object in the trial court. *See Rivera v. State*, 381 S.W.3d 710, 714–15 (Tex. App.—Beaumont 2012, pet. ref'd) (determining that the appellant was not permitted to raise a separation of powers challenge to the mandatory life without parole sentence because he did not raise the issue in the trial court); *Wilkerson*, 347 S.W.3d at 724 (concluding that the appellant failed to preserve his argument that "the

4

mandatory sentencing statute violates the separation of powers doctrine" by not presenting it to the trial court); *see also Ex parte Williams*, 2021 WL 1583882, at *12 (holding that by not presenting his separation of powers arguments to the trial court, the appellant failed to preserve his constitutional challenge to the governor's order "that statutes and rules related to personal bonds [be] suspended for individuals" who had been arrested or convicted of violent crimes during the pandemic); *Gamble v. State*, No. 02-13-00573-CR, 2015 WL 221108, at *3 (Tex. App.—Fort Worth Jan. 15, 2015, pet. ref'd) (mem. op., not designated for publication) ("In the trial court, appellant failed to raise his complaints that the terms of his plea bargain . . . had violated separation of powers principles, or that those terms had deprived him of due process for any of the several reasons that he articulates on appeal."); *Schmidt v. State*, No. 14-10-00713-CR, 2012 WL 912791, at *7 (Tex. App.—Houston [14th Dist.] Mar. 15, 2012, pet. ref'd) (mem. op., not designated for publication) (stating that the appellant could not raise his separation of powers challenge to his life sentence without the possibility of parole for the first time on appeal as he did not object in the trial court). The authority cited by appellant does not demonstrate that his complaint involves systemic requirements or waivable-only rights, which do not require preservation, and we have found no such authority. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (providing that other than complaints involving systemic requirements or waivable only rights, "complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [r]ule 33.1(a)")).

**B.  Illegal Sentence**

Appellant next argues that the sentence is unauthorized by law and illegal, so he

was not required to object at trial. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see also Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020) ("[T]he right to be sentenced legally is an absolute or waivable-only right," and the defendant is not required to object to preserve a "claim that a sentence is illegal due to the fact that it is outside the maximum or minimum range of punishment."). Specifically, appellant argues that the sentence is illegal because "§ 709.001 imposes a fine independent of the trial court's sentencing authority, and its collection by the Texas Department of Public Safety effectively transfers the function of sentencing to the executive branch."

The Texas Legislature is vested with the lawmaking power to define crimes and prescribe penalties. TEX. CONST. art. III, § 1; *State ex. rel. Smith*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973); *Jones v. State*, 902 S.W.2d 102, 106 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). "In particular, the Legislature possesses the sole authority to establish criminal offenses and designate applicable penalties." *Martinez v. State*, 503 S.W.3d 728, 734 (Tex. App.—El Paso 2016, pet. ref'd). "'Judicial power' . . . embraces," among other things, "the power to execute the judgment or sentence." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984).

Here, the Legislature has exercised its constitutional power by creating a penalty for DWI in the transportation code, which the trial court then executed. *See* TEX. CONST. art. III, § 1; *State ex. rel. Smith*, 500 S.W.2d at 104; *Jones*, 902 S.W.2d at 106. The sentence here has been legislatively authorized, and the trial court did not deviate from that allowable sentence. *See Mizell*, 119 S.W.3d at 806 ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). Therefore, we conclude that the sentence is not illegal. *See id.*

Finally, appellant has not cited, and we found no authority supporting a conclusion that collection of the fine by the Texas Department of Public Safety effectively transfers the function of sentencing to the executive branch. Therefore, we cannot conclude that a separation of powers violation occurred on this basis. *See Martinez*, 503 S.W.3d at 734. We overrule appellant's sub-issue to his second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
14th day of August, 2025.